Lexus.COM

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Agana, Guam 96910
Telephone: (671) 472-7332/7283
Telecopier: (671) 472-7334

Attorneys for United States of America

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CIVIL CASE NO. 03-00042 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **VERIFIED COMPLAINT OF** |
| ) | **FORFEITURE** |
| ONE 2002 LEXUS AUTOMOBILE, ) | |
| MODEL RX300, ) | |
| VIN JTJHF10U520277477, ) | |
| ) | |
| Defendant. ) | |

COMES NOW the plaintiff United States of America, by and through its attorneys, Leonardo M. Rapadas, United States Attorney, and Karon V. Johnson, Assistant United States Attorney, and respectfully states as follows:

1. This is a civil action in rem brought to enforce the provision of 21 U.S.C. § 853(a)(1) for the forfeiture of a vehicle, one 2002 Lexus Automobile, Model RX300, VIN

-1-

**ORIGINAL**

1. JTJHF10U520277477, a grey four-door wagon, which is property constituting and derived from the proceeds of trafficking in controlled substances, in violation of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq. Plaintiff brings this action in rem in its own right to forfeit and condemn the defendant property under 18 U.S.C. §§ 981(a)(1)(B)(i) and 983.

2. This court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355.

3. The defendant is a 2002 Lexus Automobile, Model RX300, VIN JTJHF10U520277477.

4. Venue is proper in this district pursuant to 28 U.S.C. §§1355, 1395 and 18 U.S.C. § 981(h), because the acts or omissions giving rise to the forfeiture of said 2002 Lexus Automobile, Model RX300, VIN JTJHF10U520277477, have been already charged in this district by indictment against Thu Loan Thai DANG, under District Court of Guam 03-00095, which is presently under seal. This criminal prosecution charges Dang with Conspiracy, Distribution of Controlled Substances in violation of Title 21, United States Code, §§ 841(a)(1) and 846, and a count alleging the forfeiture of all property constituting and derived from any proceeds Dang obtained as a result of such violations.

5. The facts and circumstances supporting the seizure and forfeiture of the defendant currency are contained in the Declaration of DEA Special Agent Jon Y. Anderson, attached hereto and incorporated herein as Exhibit A.

6. The defendant 2002 Lexus Automobile, Model RX300, VIN JTJHF10U520277477 constitutes, derives from and is traceable to proceeds obtained directly and indirectly from trafficking in controlled substances, in violation of Title II of the Controlled Substances Act, 21

U.S.C. § 801, et seq., and is, therefore, subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 853(a)(1).

7. The United States is filing this Verified Complaint of Forfeiture as a civil action pursuant to 18 U.S.C. § 981 because the criminal indictment is under seal. Accordingly, any warrant of arrest issued in this case for said automobile, which warrant will necessarily be published, should bear a caption and court number separate from the criminal case number. Accordingly, the United States requests this Honorable Court to seal this Verified Complaint of Forfeiture.

**WHEREFORE**, the United States of America prays that process of warrant in rem issue for the arrest of the defendant 2002 Lexus Automobile, Model RX300, VIN JTJHF10U520277477, that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant 2002 Lexus Automobile, Model RX300, VIN JTJHF10U520277477, be forfeited to the United States of America for disposition according to law; and that the United States of America be

//
//
//
//
//
//
//
//

pursuant to 21 U.S.C. § 853(a)(1).

7. The United States is filing this Verified Complaint of Forfeiture as a civil action pursuant to 18 U.S.C. § 981 because the criminal indictment is under seal. Accordingly, any warrant of arrest issued in this case for said automobile, which warrant will necessarily be published, should bear a caption and court number separate from the criminal case number. Accordingly, the United States requests this Honorable Court to seal this Verified Complaint of Forfeiture.

**WHEREFORE**, the United States of America prays that process of warrant in rem issue for the arrest of the defendant 2002 Lexus Automobile, Model RX300, VIN JTJHF10U520277477, that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant 2002 Lexus Automobile, Model RX300, VIN JTJHF10U520277477, be forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

RESPECTFULLY SUBMITTED this __12th__ day of December, 2003.

                                          LEONARDO M. RAPADAS
                                        United States Attorney
                                        Districts of Guam and CNMI

By: _/s/ Karon V. Johnson_
            KARON V. JOHNSON
            Assistant U.S. Attorney

-3-

## DECLARATION
(Exhibit A)

I, Jon Y. Anderson, being first duly sworn, do depose and say:

1.   1. I, Jonathan Anderson, am a Special Agent (S/A) for the United States Drug Enforcement Administration (DEA) and have been so employed for eleven years. During this time, I have completed an intensive twelve-week training course consisting of drug identification, methods and procedures used by drug organizations to import and distribute narcotics. Additionally, I have participated in dozens of arrests while being employed with DEA which pertained to the distribution of controlled substances. I have debriefed and directed informants in gathering narcotic intelligence. While being employed as a S/A with the DEA, I have served in an undercover capacity on numerous occasions and have purchased narcotics from traffickers on several occasions. I have been personally assigned to the investigation of narcotics violations as both case agent and surveillance agent. I have had experience, training and communicating with law enforcement personnel who specialize in the area of documentation and detection of proceeds from drug trafficking. I have experience in debriefing defendants, informants and witnesses who have personal knowledge of drug organizations. Such individuals often have personal information as to the transportation and distribution of money and drugs in large-scale controlled substance distribution operations. During the course of my employment I have attended seminars and conferences concentrating solely on the topic of forfeitures surrounding the trafficking in controlled substances, and have been personally responsible for the seizure and forfeiture of money, vehicles, and other valuables which were the proceeds of Federal drug violations. During the course of my employment, I have investigated numerous violations of

-i-

Federal drug laws and money laundering violations.

2. This affidavit is made in support of the Complaint to forfeit a 2002 Lexus automobile, Model RX300, VIN VIN JTJHF10U520277477, which Thu Loan Thai DANG purchased with the proceeds of trafficking in controlled substances and which she transferred to a co-defendant and co-conspirator, one QUANG HUYNH, a boyfriend living in Portland, Oregon. This affidavit is based on DEA and U.S. Customs reports, my conversations with Washington County, Oregon Detective James G.W. Lilley, affidavits for search warrants filed by myself and other DEA special agents and DEA task force special agents, documents seized pursuant to search warrant, received pursuant to grand jury and administrative subpoenas, and public records from both the Guam and the Oregon Departments of Motor Vehicles.

3. On Thursday, November 13, 2003, I and other federal investigators executed a search warrant on the residence of Thu Loan Thai Dang, which she shared with Kong Kwok Chan and Chanh Dihn Nguyen. Based on the methamphetamine hydrochloride (ice), which was well over a kilo, and drug records seized at that time, Dang, Chan and Nguyen have been indicted on District Court of Guam Criminal Case 03-00095 for conspiracy and distribution of controlled substances in violation of Title 21, United States Code, §§ 841(a)(1) and 846. An allegation of asset forfeiture was included in that indictment.

4. Dang possessed in her apartment over $100,000 in jewelry and cash. I have identified five bank accounts on Guam which she controlled, as well as a Money Market Account at US Bank in Portland, Oregon. I have reviewed Cash Transaction Reports (CTRs) filed by various banks, which reflect that large sums of cash have been deposited into and withdrawn from various bank accounts by Dang during the last five years. I executed a search warrant on Dang's

safe deposit box 740, First Hawaiian Bank, Dededo branch, and found $60,000 cash and jewelry appraised at well over $100,000.

5. I have reviewed the reports prepared by U.S. Customs special agents, who initiated an investigation concerning money laundering on Dang in January, 2003. The reports reflect that on January 9, 2003, U.S. Customs seized a parcel which had been express mailed by Dang to Quang Huynh at 10758 SE Forest View Lane, Portland, Oregon. The parcel contained a total of $50,000 in negotiable instruments made by Dang: two First Hawaiian Bank checks for $5,000 each, eight personal money orders for $2,500 each and four personal checks, each for $5,000. Three of the personal checks, totaling $15,000, were made out to QUANG HUYNH.

6. Subsequently U.S. Customs agents contacted Postnet Guam, the business which had issued the money orders. An examination of the business records revealed that between 2001 and January 30, 2003, Dang had purchased 46 money orders from Postnet, for a total of $96,000. Of this amount, $22,500 was payable to QUANG HUYNH. The breakdown is $23,500 in 2001; $16,000 in 2002; and $57,000 in 2003.

7. An examination of the Cash Transaction Reports required to be filed by federally insured financial institutions reveals the following cash transactions by Dang: $10,500 on August 16, 1999; $10,008 on September 10, 1999; $12,000 on April 17, 2000; $15,000 on April 20, 2001;$13,300 on August 27, 2001; $11,008 on March 8, 2002; $13,549 on January 6, 2003; $18,000 on January 27, 2003; and $18,000 on April 28, 2003, a total of $121,365 since August, 1999. As well, U.S. Customs records show that on September 20, 1999, Dang traveled from Guam to Los Angeles carrying $60,00 in U.S. currency, which she said belonged to another person.

-iii-

Case 1:03-cv-00042   Document 1   Filed 12/12/2003   Page 7 of 11

8. Among the various papers seized from Dang's residence, I found loan papers reflecting that she owned a residence in Oregon, 10758 SE Forrest View Lane, Portland, Oregon. I enlisted the assistance of DEA, Portland, Oregon, who reported that Dang is the owner of record of 10758 SE Forrest View Lane, Portland. The records on file at the Clackamas County Courthouse reflect that a mortgage is held by World Savings Bank, for a loan amount of $253,000.

9. Dang was arrested and incarcerated Thursday, November 13, 2003. On November 20, 2003, Detective Lilley executed a search warrant on 10758 Forrest View Lane, Portland. He found the house vacant. In the attic, he observed an area where the insulation had been swept aside and two pieces of nailed plywood had been pried up, revealing compartments formed by the ceiling framework; they were empty. Det. Lilley determined that the contents of the house had been removed between November 17 and November 18 by All American Moving. Det. Lilley contacted the manager of All American Moving, Greg Rivelli. Mr. Rivelli said that on Friday, November 14, he had been called by a person identifying himself as David Tran, who wanted movers to come out to 10758 Forrest View Lane that very day. Mr. Rivelli said that his personnel moved the contents of the house into two storage units owned by a company named Public Storage.

10. Det. Lilley had obtained color photographs of several people to whom Dang's money orders had been payable, all of whom were Oregon residents and had Oregon drivers licenses. Included in the photographs was one of QUANG HUYNH. Det. Llilley showed HUYNH's photograph to a neighbor living next door to 10758 Forrest View Lane. She identified HUYNH as a resident of that house. He also showed the neighbor a photograph of Dang; the neighbor

-iv-

recognized Dang and said that HUYNH called Dang his wife. HUYNH had told the neighbor his wife lived in Guam when she wasn't in Portland.

11. Det. Lilley also showed HUYNH's photograph to two of the personnel of All American Moving. They both identified HUYNH as one of the Vietnamese men who had been at 10758 Forrest View Lane when they were removing its contents. They said that the contents of the house had been taken to two storage units at Public Storage. Det. Lilley contacted the manager of Public Storage and ascertained that the contents of the house had been placed in two units, D9, rented by Tai Huynh, and C-32, rented by QUANG HUYNH, Dang's purported husband. Det. Lilley subsequently executed search warrants on these units, and seized boxes of papers relating to Dang's financial affairs.

12. I have reviewed the documents found in the Public Storage storage units concerning Dang's residence at 10758 SE Forrest View Lane. The documents reflect that Dang purchased the house January 30, 2002, for $317,000. She paid approximately $71,000 down and financed the balance. On June 17, 2003, Dang refinanced the loan on the residence, paying another $64,000 down. The balance presently owing on the residence is about $254,000. Thus, Dang has put about $135,000 into the purchase of this house since January, 2002.

13. Dang owns a business, the Club Romantic; she employs DL Bookkeeping and Administrative Services, owner David C. Santos, as the bookkeeper for this business. I have obtained the records concerning the Club Romantic from Mr. Santos. Among other papers, the books reflect that this business only produced $2,870 profit for the year 2002. As well, this $2,870 was the only income which Dang reported for the year 2002.

-v-

14. At the time of her arrest, Dang was driving a 2002 Lexus automobile, model LS430. I have obtained the records from Atkins Kroll concerning the sale to Dang of this automobile. The records reflect that she purchased in March, 2002, for $56,095. She paid $$31,095 down and financed the balanced through the Bank of Hawaii. I have obtained her loan documents from the Bank of Hawaii. She certified on her loan application that she was employed as the manager of Pacific Wine & Spirits at a salary of $3,000/month; this is not reflected in any of the documents she had with her accountant, David Santos. The Bank of Hawaii records reflect that Dang paid off this loan January 6, 2003, with $13,548.58 cash, which matches the CTR filed by Bank of Hawaii as referenced in ¶ 7 of this Affidavit. Thus, she owns this Model LS430 Lexus free and clear.

15. Atkins Kroll records also reflect that on March 7, 2002, Dang purchased another Lexus, a Model RX300, a gray four-door wagon, VIN JTJHF10U520277477. Atkins Kroll records reflect that she purchased this Lexus, the defendant in this complaint, on September 23, 2003, for approximately $38,000. She received a $13,000 credit for a used car which Atkins Kroll took in trade; Dang paid the balance of $25,000 by cashier's check. Oregon records reflect that Dang has transferred title of this vehicle to her boyfriend/husband in Portland, Oregon, QUANG HYUNH. Det. Lilley observed this Lexus Model RX300 parked in front of 10758 SE Forrest View Lane prior to executing the search warrant there.

16. Based on all the information as set forth above, I have probable cause to believe that the defendant 2002 Lexus automobile, Model RX300, VIN JTJHF10U520277477, is property constituting and derived from the proceeds of Thu Loan Thai Dang's trafficking in controlled substances, in violation of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq.

17. I have read the contents of the foregoing Complaint for Forfeiture, and this Declaration, attached to the Complaint as Exhibit A. I declare under penalty of perjury that the statements contained therein are true and correct to the best of my knowledge and belief.

_____
JON Y. ANDERSON
DEA Special Agent

SUBSCRIBED AND SWORN TO BEFORE ME on this __12th__ day of , 2003.

_____
Notary Public

GREGORY E. HELM
NOTARY PUBLIC
In and For Guam, U.S.A.
My Commission Expires: May 12, 2006
Sirena Plaza, Ste. 500,
108 Hernan Cortez Avenue
Hagåtña, Guam 96910