DANILO T. AGUILAR
Attorney at Law
First Floor, San Jose Court Building
Cor. Ghiyeghi St. & Wischira Way, San Jose
P.O. Box 505301
Saipan, MP 96950
TELEPHONE: (670) 234-8801
FAX: (670) 234-1251

Guam Address:
c/o BRONZE & TANG
2nd Floor, Bank Pacific Building
825 S. Marine Drive
Tamuning, Guam 96911
Telephone: (671) 646-2001
Facsimile: (671) 647-7671

Attorney for RIVERMARK COMMUNITY CREDIT UNION

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ONE 200 LEXUS AUTOMOBILE,<br>MODEL RX300,<br>VIN JTJHF10U520277477<br><br>Defendant. | CIVIL CASE NO. 03-00042<br><br>**DECLARATION OF DANILO T. AGUILAR IN SUPPORT MOTION TO VACATE SCHEDULING ORDER AND TO CONTINUE TRIAL DATE** |

I, Danilo T. Aguilar, hereby depose and say:

1. I am a duly licensed attorney and I am admitted to practice before the Supreme Court of Guam and the United District Court for the District of Guam;

2. I am counsel for claimant Rivermark Community Credit Union ("Rivermark");

3. My client Rivermark has not been formally served with a copy of the complaint for forfeiture and was only made aware of the pending forfeiture matter in the late part of August 2004;

4. Trial is set for November 10, 2004 and Rivermark has not filed an answer or responsive pleading to the complaint for forfeiture;

5. On or about the last week of September, I received notice from U.S. Ninth Circuit Court of Appeals that I am scheduled to present oral argument before the court on Friday morning, November 5, 2004 in Honolulu, Hawaii;

6. After learning of my anticipated travel to Honolulu, I contacted another attorney on Saipan, who was handling a matter against another client in a civil case pending the CNMI Superior court, to advise him of my travel and to discuss possibly conducting several depositions during my trip to Honolulu;

7. On or about October 4, 2004, I agreed to conduct three depositions of witnesses in my Saipan civil matter in Honolulu on the morning of November 10, 2004;

8. These parties who will be deposed in Honolulu are residents of California and are traveling to Honolulu for the purpose of giving their testimony through deposition;

9. Airline tickets and hotel reservations have been made and depositions appeared ready to proceed on November 10, 2004;

10. On or about October 14, 2004, I was retained by Rivermark as counsel to enter an appearance on its behalf to protect its interests in the vehicle that was the subject of the forfeiture. On that same day, I began my due diligence investigation regarding the possible claim of Rivermark to the subject vehicle.

11. After agreeing to undertake the matter of defending Rivermark's interests in this matter, it was a few days after I began work on this forfeiture matter that I realized a potential scheduling conflict;

12. I have discussed with opposing Saipan counsel for my other civil matter to modify the deposition schedule, but objected to any scheduling changes because the dates were negotiated over one month ago and any changes will result in his clients incurring additional expenses;

13. Unless the Court were inclined to continue the trial date in this matter, counsel for Rivermark may not be able to participate in the trial;

14. Even if a scheduling conflict were not present, vacating the scheduling order and to continue the trial date would be warranted here;

15. Counsel for Rivermark was only retained approximately 12 days ago and has participated in any proceedings that have been held in this matter;

16. In addition, counsel for Rivermark has not been provided the opportunity to conduct discovery and obtain evidence to meet its burden as an "innocent owner";

17. By vacating the scheduling order and continuing the trial, the Court can issue a new order setting discovery cut-off and other deadlines prior to a new trial date;

18. By setting new discovery deadlines and continuing, the Court will give Rivermark the same opportunity to conduct discovery and prepare for trial;

19. The extent of counsel's involvement in this matter has been no more than 12 days and has not been afforded any right to discovery. Such a short

3

time period between counsel's first appearance for Rivermark until the current date of trial of November 10, 2004, to prepare for trial, would be inadequate for counsel.

20. Based upon the foregoing statement, it clearly establishes that Rivermark has been more than diligent in protecting its interests in this matter

21. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true, correct, and to the best of my knowledge.

Executed this 26th day of October, 2004 at Hagatña, Guam.

*[signature]*
**DANILO T. AGUILAR,**
Declarant