DANILO T. AGUILAR
Attorney at Law
First Floor, San Jose Court Building
Cor. Ghiyeghi St. & Wischira Way, San Jose
P.O. Box 505301
Saipan, MP 96950
TELEPHONE: (670) 234-8801
FAX: (670) 234-1251

Guam Address:
c/o BRONZE & TANG
2nd Floor, Bank Pacific Building
825 S. Marine Drive
Tamuning, Guam 96911
Telephone: (671) 646-2001
Facsimile: (671) 647-7671

Attorney for RIVERMARK COMMUNITY CREDIT UNION

FILED
DISTRICT COURT OF GUAM
OCT 26 2004
MARY L. M. MORAN
CLERK OF COURT

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ONE 200 LEXUS AUTOMOBILE, MODEL RX300, VIN JTJHF10U520277477<br><br>Defendant. | CIVIL CASE NO. 03-00042<br><br>***EX PARTE* MOTION TO SHORTEN TIME FOR HEARING ON MOTION TO INTERVENE AND MOTION TO CONTINUE TRIAL** |

COMES NOW Rivermark Community Credit Union (hereinafter "Rivermark"), by and through counsel Danilo T. Aguilar, and counsel hereby requests for an order shortening time for a hearing on Claimant Rivermark's motion to intervene as party in this matter and motion to continue the trial scheduled for November 10, 2004.

Counsel of record for the United States of America, Assistant U.S. Attorney Karon V. Johnson, does not oppose this motion to shorten time, but

opposes the motion to continue trial and has not taken a position with regard to the motion to intervene. AUSA Johnson has stated that if the motion to shorten time is granted, she will be available for hearing only until Friday, October 29, 2004, otherwise she will be unavailable to participate in a hearing until Thursday, November 5, 2004. Counsel of record for claimant Khanh Huynh, William S. Labahn, Esq. and local counsel of record, Frederick Kerley, Esq., have indicated that they do not oppose this motion to shorten time and that they do not oppose the motion to intervene and the motion to continue trial.

This motion to shorten time is brought pursuant F.R.C.P. 6(d) and Local Rule ("LR") 7.1(k) and is supported by the attached declaration of Danilo T. Aguilar and any evidence that may be adduced at a hearing on this matter. The shortening of time for a hearing is necessary because the trial in this matter is scheduled for November 10, 2004 and Deputy Clerk Rosita San Nicolas has told counsel that jury summonses will be sent out by the end of this week. An expedited resolution of Rivermark's motions, if the Court is inclined to grant them, will save the parties and the Court from incurring expenses to go forward with a trial on the current scheduled date.

In the event that the Court were inclined to grant the motion to shorten time, counsel requests that the Court schedule the hearing on the motion to intervene and the motion to continue trial on Friday, October 29, 2004 at 9:30 a.m., pursuant to General Rule 10.1.

Respectfully submitted this 26th day of October, 2004

_____
DANILO T. AGUILAR,
Attorney for Claimant
Rivermark Community Credit Union

DANILO T. AGUILAR
Attorney at Law
First Floor, San Jose Court Building
Cor. Ghiyeghi St. & Wischira Way, San Jose
P.O. Box 505301
Saipan, MP 96950
TELEPHONE: (670) 234-8801
FAX: (670) 234-1251

Guam Address:
c/o BRONZE & TANG
2nd Floor, Bank Pacific Building
825 S. Marine Drive
Tamuning, Guam 96911
Telephone: (671) 646-2001
Facsimile: (671) 647-7671

Attorney for RIVERMARK COMMUNITY CREDIT UNION

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ONE 200 LEXUS AUTOMOBILE, MODEL RX300,<br>VIN JTJHF10U520277477<br><br>Defendant. | CIVIL CASE NO. 03-00042<br><br>**DECLARATION OF DANILO T. AGUILAR IN SUPPORT OF EX PARTE MOTION TO SHORTEN TIME FOR HEARING; CERTIFICATE OF COUNSEL** |

I, Danilo T. Aguilar, hereby depose and say:

1. I am a duly licensed attorney and I am admitted to practice before the Supreme Court of Guam and the United District Court for the District of Guam;

2. I am counsel for claimant Rivermark Community Credit Union ("Rivermark");

3. I have filed a motion to intervene as a party on behalf of Rivermark pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure and a motion to continue the trial in this matter scheduled for November 10, 2004;

4. If the motion for continuance were placed on the normal scheduling track for motions pursuant to Local Rule 7.1(b) and F.R.C.P. 5(b), the motions could not be heard until after the scheduled trial;

5. On or about October 23, 2004, I spoke with William S. Labahn, Esq., counsel of record for claimant Khanh Huynh, and he indicated that he does not oppose a motion to shorten time, the motion to intervene, and the motion to continue the trial. I spoke with claimant Khanh Huynh's local counsel of record Federick Kerley, Esq. on October 25, 2004 at approximately 1:45 p.m. and he also indicated that he would not oppose shortening time to hear the motion to intervene and the motion to continue trial.

6. On or about October 25, 2004 at 2:00 p.m., I met with Assistant United States Attorney Karon V. Johnson at her office and advised her of my intent to file the motion to shorten time, motion to intervene, and motion to continue trial;

7. During my discussion with AUSA Johnson, she indicated that she did not oppose the shortening of time to have my two motions heard, but in the event the Court were to set a hearing, she would be available for a hearing only until October 29, 2004. AUSA Johnson noted that after October 29, 2004, she will be off-island until November 4, 2004;

8. AUSA Johnson also indicated that she opposes the motion to continue trial, but did not give a position regarding the motion to intervene;

2

9. As a result of the need to file these motions on the morning of October 26, 2004 and the short time frame between my discussions with Frederick Kerley, Esq. and AUSA Johnson, I did not believe that I could obtain a written stipulation to shorten time to hear the motion to intervene and the motion to continue the trial, thus necessitating this ex parte motion;

11. Copies of the motion to shorten time, motion to intervene, and the motion to continue trial shall be served upon the United States Attorney's Office and Frederick Kerley, Esq. upon filing of the motions with the Clerk of Court. A copy of these motions will be faxed to William Labahn, Esq.

12. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true, correct, and to the best of my knowledge.

Executed this 26th day of October, 2004 at Hagatña, Guam.

_____
DANILO T. AGUILAR,
Declarant

3

# CERTIFICATE PURSUANT TO LOCAL RULE 7.1(k)

A. Addresses and Telephone Numbers of the Parties:

<u>Plaintiff:</u>  Karon V. Johnson
Assistant U.S. Attorney
UNITED STATES ATTORNEY'S OFFICE
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatña, Guam 96910
Tel. No.: (671) 472-7332

Claimant
<u>Khanh Huynh:</u>  William S. Labahn, Esq.
132 East Broadway, Suite 331
Eugene, Oregon 97401
Tel. No.: (541) 344-7004

Frederick Kerley, Esq.
Suite 907, Pacific Daily News Building
238 Archbishop F.C. Flores St.
Hagatña, Guam 96910
Tel. No.: (671) 477-7008

Claimant
<u>Rivermark:</u>  Danilo T. Aguilar, Esq.
P.O. Box 505301
Saipan, M.P. 96950
Tel. No.: (670) 233-8801

B. Facts regarding Application for Ex Parte Motion.

Counsel is retained counsel of record for Claimant Rivermark Communtiy Credit Union. A jury trial is scheduled in this matter for November10, 2004. On or about Thursday, October 14, 2004, I was retained by Rivermark to review a complaint for forfeiture filed against a vehicle that Rivermark had a security interest. During my initial due diligence investigation, I realized that the trial date was only a few weeks away. On or about Monday, October 18, 2004, I faxed a letter to AUSA Karon Johnson requesting to meet with her and I arranged a meeting to meet with her on Tuesday, October 19, 2004, but that meeting was

4

cancelled when counsel was unable to fly to Guam because the island was placed on Typhoon Condition 2. I rescheduled the meeting for the afternoon of October 25, 2004.

In light of the upcoming trial date and the Clerk of Court's need to send out jury summonses, the motion to intervene and the motion to continue trial should be heard at the earliest possible time to permit Court to determine whether Rivermark should be made a party and whether the trial should be continued to another date.

C. Notification of Other Party.

On or about October 23, 2004, I spoke to William S. Labahn via telephone and I told him of my intent to file the motion to shorten time, the motion to intervene, and the motion to continue to trial. Mr. Labahn indicated that he would not oppose any of the motions, but would not be able to execute a stipulation because of the time constraints to file the noted motions on either October 25 or 26, 2004.

On or about October 25, 2004 at 2:00 p.m., I met with AUSA Karon Johnson to discuss this matter. During the meeting I told AUSA Johnson that I would be filing the motions to shorten time, the motion to intervene, and the motion to continue trial. AUSA Johnson indicated that she would not oppose the motion to shorten time. With the short time period required to file these motions on the morning of October 26, 2004, counsel was unable to obtain a stipulation to shorten time before the close of the business on October 25, 2004.

//

//

//

5

| | |
|---|---|
| 1 | A filed copy of these documents will be served immediately after filing with |
| 2 | the Clerk's office. |

DATED this 16th day of October, 2004.

_____
**DANILO T. AGUILAR,**
Attorney for Claimant
Rivermark Community Credit Union