DANILO T. AGUILAR
Attorney at Law
First Floor, San Jose Court Building
Cor. Ghiyeghi St. & Wischira Way, San Jose
P.O. Box 505301
Saipan, MP 96950
TELEPHONE: (670) 234-8801
FAX: (670) 234-1251

Guam Address:
c/o BRONZE & TANG
2nd Floor, Bank Pacific Building
825 S. Marine Drive
Tamuning, Guam 96911
Telephone: (671) 646-2001
Facsimile: (671) 647-7671

Attorney for RIVERMARK COMMUNITY CREDIT UNION

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ONE 200 LEXUS AUTOMOBILE,<br>MODEL RX300,<br>VIN JTJHF10U520277477<br><br>Defendant. | CIVIL CASE NO. 03-00042<br><br>**MOTION TO VACATE SCHEDULING ORDER AND TO CONTINUE TRIAL DATE** |

COMES NOW Rivermark Community Credit Union (hereinafter "Rivermark"), by and through counsel Danilo T. Aguilar, and hereby moves for an order vacating the scheduling order and to continue the trial date in this matter. This motion is supported by the attached Memorandum of Points and Authorities, the declaration of Danilo T. Aguilar, the pleadings filed in this matter, and any evidence that may be adduced at a hearing on this matter.

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO VACATE SCHEDULING ORDER AND TO CONTINUE TRIAL

## I. FACTUAL BACKGROUND.

Plaintiff filed its complaint for forfeiture on or about December 12, 2003 against One 2002 Lexus Automobile, Model RX300 registered to Huynh, Khanh Ai, with an address of 3101 NE 80th Ave., Portland, Oregon 97213. *See* Exhibit "A" attached to the Declaration of Danilo T. Aguilar in Support of Motion to Intervene. In addition to Huynh, Khanh Ai being registered as the owner/lessee, Safeway Northwest Central Credit Union, now known as Rivermark Community Credit Union (hereinafter "Rivermark"), was also noted as a "Security Interest Holder/Lessor". *See* Exhibit "A" attached to Aguilar Declaration in Support of Motion to Intervene.

Khanh Ai Huynh filed a notice of claim to preserve heir respective claim and filed their answer to the complaint for forfeiture on April 21, 2004. The Court file does not show a certificate of service on Khanh Ai Huynh of the complaint for forfeiture nor does the Court file show a certificate of publication of the pending forfeiture.

Claimant/intervenor Rivermark was never served with a copy of the forfeiture complaint nor did Rivermark have any notice regarding the forfeiture proceedings until Oregon counsel for Rivermark, Miles Monson, Esq. was notified in the latter part of August 2004 that the current matter was set for trial on November 10, 2004. *See* Aguilar Declaration in Support of Motion to Intervene, ¶8. On or about August 25, 2004, Mr. Monson wrote a letter to AUSA Karon Johnson requesting for a copy of the summons and complaint clearly indicating

2

that neither Rivermark nor its Oregon counsel were even aware of an impending forfeiture. *See* Exhibit "B", attached to Aguilar Declaration in Support of Motion to Intervene.

On or about October 14, 2004, undersigned counsel was retained by Rivermark to enter an appearance on its behalf to protect its interests in the vehicle that was the subject of the forfeiture. A jury trial in this matter is scheduled for November 10, 2004. As of the date of this motion, claimant Rivermark has participated in any proceedings that have been held in this matter nor has Rivermark filed an answer to the complaint for forfeiture

## II.     THE LAW ON CONTINUANCES.

Pursuant to F.R.C.P. 16(b), Rivermark may filed a motion with the Court for modification of the joint scheduling order. Modification of the joint scheduling order will be granted by leave of the District Court upon showing of good cause. F.R.C.P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992). The Rule 16(b) "good cause" standard primarily considers the diligence of the party seeking modification. *See Hawaii Carpenters' Trust Funds v. Henry*, 906 F.2d 1349 (9th Cir. 1990)(continuance denied where during eleven month discovery period, party seeking continuance made one attempt to contact employees, received a response, and failed to follow up); *In re Imperial Crdit Industries, Inc. Securities Litigation*, 252 F.Supp.2d 1005 (C.D.Cal. 2003) (continuance denied for failure to pursue discovery for more than one year).

The District Court may modify the pretrial schedule "if it cannot be reasonably be met despite the diligence of the party seeking the extension."

3

F.R.C.P. 16 Advisory Committee's notes (1983 amendment). The focus of Rule 16(b) is upon the moving party's reasons for seeking the modification. *Johnson*, 975 F.2d at 609. The Local Rules for the District Court of Guam, in particular, LR 16.5 provides in part:

> A motion to extend the deadline in the scheduling order must demonstrate a specific need for the requested extension, and should be accompanied by a detailed proposed amendment to the previously entered scheduling order.

### III. CLAIMANT'S BASIS TO REQUEST VACATING THE SCHEDULING ORDER AND TO RESET THE TRIAL DATE.

Claimant Rivermark has a direct and substantial interest in the subject vehicle that is sought forfeiture to the United States. Rivermark has never been formally served with the complaint for forfeiture by United States and Rivermark has not participated in any of proceedings that have been held in this action thus far. *See* Declaration of Danilo Aguilar in Support of Motion to Vacate Scheduling Order and to Continue Trial, ¶3.

#### A. <u>Rivermark has been diligent to assert its interests in this matter.</u>

Since the time that Rivermark was aware of the forfeiture proceeding, Rivermark has acted with due diligence to investigate its interests in this matter and to assert its respective rights as a claimant to the subject property. When Rivermark became aware of the pending forfeiture proceedings in late August 2004 and its attorney in Oregon immediately sent a letter on August 25, 2004 to Assistant U.S. Attorney Karon Johnson to provide her notice of Rivermark's security interests in the subject vehicle. *See* Exhibit "B" to Aguilar Declaration in Support of Motion to Intervene. On or about October 14, 2004, undersigned counsel was retained to assert the interests of Rivermark in the forfeiture

4

proceedings. *See* Aguilar Declaration in Support of Motion to Intervene, ¶11. It was only on October 25, 2004 that Rivermark's counsel was able to examine the District Court's file to ascertain the procedural posture of this matter and counsel met with AUSA Johnson to discuss possible settlement of Rivermark's interest. This motion to continue was filed only one day after the Court's file was examined by counsel and one day after the meeting with AUSA Johnson was held.

Although it has been almost 11 months since this matter was first filed with the District Court, Rivermark has never been served with the complaint for forfeiture. In fact, it appears that Rivermark was made aware of the forfeiture action on or about August 25, 2004. If the Court were to consider August 25, 2004 as the date the Rivermark had first notice of the forfeiture matter, only a total of 61 days have passed since that date and the date this motion to continue was filed with the Court. This 61 day time period was a reasonable amount of time to permit Rivermark to conduct a due diligence investigation of its claim over the subject vehicle and to file the motion to vacate the scheduling order and to continue trial.

B. **Rivermark needs to conduct discovery in order to adequately prepare for a trial in this matter.**

With the trial set for November 10, 2004, the deadline to complete discovery has long passed. If the Court were to grant Rivermark's motion to intervene, Rivermark would need to conduct discovery and additional investigation of its records to obtain the necessary evidence to support its affirmative defense that it is an "innocent owner" under 18 U.S.C. §983(d).

Unless the Court were to modify the existing scheduling order, Rivermark would not have the opportunity to properly to prepare for the trial in

5

this matter and would be deprived of its ability to obtain and present evidence to support its defense as an innocent owner.

### C. Rivermark's counsel of record on Guam has a scheduling conflict with the scheduled trial date.

The trial date for this matter is November 10, 2004. Prior to the retention of undersigned counsel by Rivermark, counsel was scheduled to be in Honolulu, Hawaii for argument before the U.S. Ninth Circuit Court of Appeals on November 5, 2004. As part of the trip, counsel also agreed to hold several depositions in Honolulu for parties involved in a civil matter pending in the CNMI Superior Court. The dates for these depositions in Honolulu are set for November 10, 2004 and this particular date was agreed upon prior to counsel's involvement in the present matter. With this preexisting scheduling conflict, counsel for Rivermark will be unable to participate in the trial in this matter if it were to proceed on November 10, 2004. *See* Aguilar Declaration, ¶¶11-13.

The Court should note that a relatively short time period has passed between counsel's initial involvement in this matter and the filing of this motion. The motion to vacate the scheduling order and to continue the trial date was filed only after a diligent investigation, taking up approximately 12 days, was completed by counsel by Rivermark. This motion to continue is brought in good faith and is sought to ensure that Rivermark will be able to properly prepare for trial.

//
//
//

6
Case 1:03-cv-00042    Document 45    Filed 10/26/2004    Page 6 of 7

## IV. CONCLUSION AND PROPOSED AMENDMENT TO SCHEDULING ORDER.

Based upon the foregoing points and authorities, Rivermark's request to vacate the scheduling order and to continue the trial date should be granted. Rivermark requests that the trial be rescheduled to April 2005 or on a date thereafter that is convenient for the Court. The April 2005 trial date is requested to give Rivermark the opportunity to conduct discovery and obtain evidence to support its affirmative defense that it is an innocent owner.

Respectfully submitted this 26th day of October, 2004.

_____
DANILO T. AGUILAR,
Attorney for Claimant
Rivermark Community Credit Union

7