DANILO T. AGUILAR
Attorney at Law
First Floor, San Jose Court Building
Cor. Ghiyeghi St. & Wischira Way, San Jose
P.O. Box 505301
Saipan, MP 96950
TELEPHONE: (670) 234-8801
FAX: (670) 234-1251

Guam Address:
c/o BRONZE & TANG
2nd Floor, Bank Pacific Building
825 S. Marine Drive
Tamuning, Guam 96911
Telephone: (671) 646-2001
Facsimile: (671) 647-7671

Attorney for RIVERMARK COMMUNITY CREDIT UNION

FILED
DISTRICT COURT OF GUAM

OCT 26 2004

MARY L. M. MORAN
CLERK OF COURT

(43)

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| UNITED STATES OF AMERICA, | CIVIL CASE NO. 03-00042 |
|---|---|
| Plaintiff, | |
| v. | **MOTION TO INTERVENE BY RIVERMARK COMMUNITY CREDIT UNION PURSUANT TO F.R.C.P 24(a)(2)** |
| ONE 200 LEXUS AUTOMOBILE, MODEL RX300, VIN JTJHF10U520277477 | |
| Defendant. | |

COMES NOW Rivermark Community Credit Union (hereinafter "Rivermark"), by and through counsel Danilo T. Aguilar, and hereby moves for an order permitting Rivermark to intervene as a party in this matter. This motion is supported by the attached Memorandum of Points and Authorities, the declaration of Danilo T. Aguilar, the pleadings filed in this matter, and any evidence that may be adduced at a hearing on this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF MOTION TO INTERVENE

I.     FACTUAL BACKGROUND.

Plaintiff filed its complaint for forfeiture on or about December 12, 2003 against One 2002 Lexus Automobile, Model RX300 registered to Huynh, Khanh Ai, with an address of 3101 NE 80th Ave., Portland, Oregon 97213. *See* Exhibit "A" attached to the Declaration of Danilo T. Aguilar in Support of Motion to Intervene. In additon to Huynh, Khanh Ai being registered as the owner/lessee, Safeway Northwest Central Credit Union, now known as Rivermark Community Credit Union (hereinafter "Rivermark"), was also noted as a "Security Interest Holder/Lessor". *See* Exhibit "A".

Khanh Ai Huynh filed a notice of claim to preserve heir respectice claim and filed their answer to the complaint for forfeiture on April 21, 2004. The Court file does not show a certificate of service on Khanh Ai Huynh of the complaint for forfeiture nor does the Court file show a certificate of publication of the pending forfeiture. *See* Aguilar Declaration, ¶5.

Claimant/intervenor Rivermark was never served with a copy of the forfeiture complaint nor did Rivermark have any notice regarding the forfeiture proceedings until Oregon counsel for Rivermark, Miles Monson, Esq. was notified in the latter part of August 2004 that the current matter was set for trial on November 10, 2004. *See* Aguilar Declaration, ¶8. On or about August 25, 2004, Mr. Monson wrote a letter to AUSA Karon Johnson requesting for a copy of the summons and complaint clearly indicating that neither Rivermark nor its Oregon counsel were even aware of an impending forfeiture. *See* Exhibit "B", attached to Aguilar Declaration.

2

On or about October 14, 2004, undersigned counsel was retained by

Rivermark to enter an appearance on its behalf to protect its interests in the

vehicle that was the subject of the forfeiture. *See* Aguilar Declaration, ¶11.  On

October 18, 2004, counsel sent a letter to AUSA Karon Johnson requesting a

meeting to discuss the interests of Rivermark and the possibility of compensation

for the interests of Rivermark. *See* Exhibit "C" attached to the Aguilar

Declaration.  A meeting was scheduled on Tuesday, October 19, 2004, but it was

cancelled on the morning of October 19, 2004 when Typhoon Condition 2 was

declared for the Island of Guam because of a storm. *See* Aguilar Declaration,

¶14.

The meeting with AUSA Johnson was rescheduled and held on October

25, 2004 and it was during this meeting that that AUSA Johnson disclosed that the

United States would not stipulate to order of compensation for Rivermark and seek

a total forfeiture of the subject vehicle. *See* Aguilar Declaration, ¶16.

## II.   THE LAW ON INTERVENTION.

F.R.C.P. 24(a) provides:

Intervention of Right.  Upon timely application anyone shall be
permitted to intervene in an action: (1) when the statute of the United
States confers an unconditional right to intervene; or (2) when the
applicant claims an interest relating to the property or transaction
which the subject of the action and the applicant is so situated that the
disposition may as a practical matter impair or impede the applicant's
ability to protect that interest, unless the applicant's interest is
adequately represented by existing parties.

A party seeking intervention under F.R.C.P. 24(a)(2) must meet the following

factors: 1) it has a "significant" protectable interest relating to the property or

transaction that is the subject of the action; 2) the disposition of the action may,

3

as a practical matter impair or impede the applicant's ability to protect its interest; 3) the application is timely; and 4) the existing parties may not adequately represent the applicant's interests. *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998), *citing Cabazon Band of Mission Indians v. Wilson*, 124 F.3d 1050, 1061 (9th Cir. 1997). These requirements are broadly interpreted in favor of intervention. *Donnelly*, 159 F.3d at 409; *see also Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810 (9th Cir. 2001)(In addition to mandating broad construction, review is guided primarily by practical considerations not technical distinctions).

    **A.**     **Rivermark has a significant protectable interest relating to the property subject to forfeiture because it is collateral for a debt.**

An applicant for intervention must establish an interest that is "direct, substantial, and legally protectable" in order to satisfy the interest requirement under Rule 24(a)(2). *Dilks v. Aloha Airlines, Inc.*, 642 F.2d 1155, 1156 (9th Cir. 1981. In at least one instance, a District Court has held that a party may intervene as matter of right where a the interests of a party may be "impaired" and issues of adequacy arise, even though the interests involved are at the border of what Rule 24 requires of a "direct and substantial interest" to warrant intervention. *Pacific Mutual Life Insurance Company*, 110 F.R.D. 272, 277 (N.D.Ill. 1986).

In this matter, the interests of Rivermark are clearly established as a bonafide lienholder in the subject vehicle for forfeiture. *See* Exhibit "A". As a bonafide lienholder, the subject vehicle is the only property that Rivemark can take and sell to ensure repayment of a debt that is owed by claimant Khanh Huynh.

The interests of Rivermark as a lienholder is also protected by the civil forfeiture statute that the United States relies upon for these proceedings.

4

Under 18 U.S.C. §983(d)(1), it provides: "An innocent owner's interest in property shall not be forfeited under any civil forfeiture statute. The claimant shall have the burden of proving that the claimant is an innocent owner by a preponderance of the evidence." The term "owner" is defined in 18 U.S.C. §983(d)(6)(A) as a ". . . person with an ownership interest in the specific property sought to be forfeited, including a leasehold, lien, mortgage, recorded security interest, or valid assignment of an ownership interest. . ."

Rivermark has a direct, substantial, and legally protectable interest in the subject vehicle. Its interest as an owner is that of a recorded security interest and is evidenced in the title of the subject vehicle.

**B.    An judgment of forfeiture without a provision of compensation for Rivermark will impair its ability to collect on the debt owed by claimant Khanh Huynh.**

The United States is seeking a complete forfeiture of the subject vehicle and to extinguish the rights of the claimant Huynh over the vehicle. The effect of forfeiture will also affect the lienholder rights of Rivermark to take possession of the vehicle in the event of a default on the debt and sell the vehicle to recover even a portion of the amount owed by the debtor. If the forfeiture were permitted to without an order of compensation to Rivermark for payment of the debt owed, the effect of the forfeiture would be to transform what was once a secured debt to an unsecured debt.

The property interest of Rivermark is substantial and the ability of Rivermark collect on this debt is quite good because of its current security interest in the vehicle. Even if claimant Huynh were to file bankruptcy at this very moment, Rivermark's ability to collect will not be impaired. In the event that a

5

forfeiture occurs and Rivermark no longer has an interest in the subject vehicle, Huynh can simply avoid paying the debt owed by declaring bankruptcy. Rivermark's ability to collect on the debt will disappear and Rivemark would have been deprived of an avenue to recover payment of the debt from Huynh.

It is clear in this case that disposition of this forfeiture matter without the participation of Rivermark will impair its property right to recover on a debt owed by claimant Huynh.

**C.** **Rivermark's application is timely because Rivermark's counsel has exercised due diligence and the fact that Rivermark lacked of notice of the forfeiture proceedings.**

Timeliness of an application to intervene is addressed to the sound discretion of the trial judge because there is no standard of timeliness set forth in the rule itself. *FMC Corporation v. Keizer Equipment Company*, 433 F.2d 654 (6th Cir. 1970). In *FMC Corporation*, the Sixth Circuit Court of Appeals affirmed the trial court's ruling denying intervention on the basis that the application was untimely. The trial court noted that counsel for the party seeking intervention had been continuously aware of the lengthy progress of the litigation, counsel for intervenor attended all the depositions that were taken since 1966, and that counsel for the intervening party did not seek intervention until the trial was substantially completed. 433 F.2d at 656.

In this case, Rivermark was never served with a copy of the complaint for forfeiture. *See* Aguilar Declaration, ¶5. Rivermark was only made aware of the current forfeiture proceedings in late August 2004. *See* Aguilar Declaration, ¶8. After Rivermark learned of the ongoing forfeiture proceedings, Miles Monson,

6

Esq., counsel for Rivermark wrote a letter to AUSA Karon Johnson, dated August 25, 2004, requesting for a copy of the summons and complaint filed in this matter. *See* Exhibit "B". Undersigned counsel was retained on October 14, 2004 and immediately began his due diligence investigation. *See* Aguilar Declaration, ¶11. Counsel for Rivermark attempted to meet with AUSA Johnson on October 19, 2004 to discuss the posture of the case and possible settlement of Rivermark's interests. On August 25, 2004, counsel for Rivermark finally met with AUSA Johnson and it was only after holding this meeting that settlement of Rivermark's claim to the subject property could not be achieved. *See* Aguilar Declaration, ¶ 16.

From the time period that Rivermark was made aware of the pending forfeiture action, Rivermark's various counsel have been diligent to ascertain the possible effect of the forfeiture proceedings on its interests in the subject vehicle. From the time that Rivermark's counsel, Miles Monson, first requested for a copy of the forfeiture complaint, until the date that this motion for intervention was filed, approximately 61 days have passed. Unlike the situation of counsel in *FMC Corporation v. Keizer Equipment*, counsels for Rivermark have not participated in any proceedings with regard to this matter. Rivermark's attorneys have utilized a reasonable amount of time to conduct a thorough due diligence investigation and are only now seeking intervention in this matter because settlement of Rivermark's interests will not be resolved except at a trial in this matter. Rivermark's application for intervention is timely.

7

**D.** **Neither the United States nor Claimant Khanh Huynh will adequately represent the interests of Rivermark as an innocent owner during trial.**

In determining adequacy of representation, a court considers three factors: 1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; 2) whether the present party is capable and willing to make such arguments; and 3) whether the proposed intervenor would offer any necessary elements to the proceeding that the other parties would neglect. *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003), *citing California v. Tahoe Reg'l Planning Agency*, 792 F.2d 775, 778 (9th Cir. 1986. The most important factor in determining adequacy of representation is how the interest of the intervenor compares with the interests of existing parties. *Arakaki*, 324 F.3d at 1086.

The proposed intervenor's burden to show that their interests may be inadequately represented is minimal. *Federal Savings and Loan Insurance Corporation v. Falls Chase Special Taxing District*, 983 F.2d 211 (11th Cir. 1993). Any doubt concerning the propriety of allowing intervention should be resolved in favor the proposed intervenor because it allows the court to resolve disputes in a single action. *Id*.

In this matter, Rivermark's interests are quite different from the interests of the United States and claimant Khanh Huynh. The United States on one hand has a completely adverse position by seeking a total forfeiture of the subject vehicle and extinguishing the interests of claimant Khanh Huynh and Rivermark. The only interest of claimant Khanh Huynh is prevent the forfeiture altogether.

8

The interests of Rivermark are preserved in the event that either the United States or claimant Khanh Huynh prevails. If the jury finds in favor of claimant Khanh Huynh, the forfeiture request is denied and Rivermark's interests remain intact. If the jury finds in favor of the United States, Rivermark could still protect its interests to recover the debt owed by Huynh, despite the occurrence of forfeiture, by seeking an order that the United States compensate Rivermark for its ownership interests in the vehicle after the property has been reduced to liquid assets. *See* 18 U.S.C. §983(d)(5)(B). Although the interests of Rivermark would be similar to claimant Huynh's interests to prevent the forfeiture altogether, Rivermark's primary interest is to be compensated for the debt that was secured by the subject vehicle.

Neither the United States nor claimant Khanh Huynh is capable and willing to make the argument that Rivermark is an innocent owner. The burden of proof of an "innocent owner defense" under 18 U.S.C. §983(d)(1), is placed on the claimant seeking such a finding. As part of that burden, the innocent owner would have to present evidence that: 1) the owner did not know of the conduct giving rise to the forfeiture; or 2) upon learning of the conduct giving rise to the forfeiture, did all that reasonably could be expected under the circumstances to terminate such use of the property. *See United States v. 2001 Honda Accord*, 245 F.Supp.2d 602 (M.D.Penn. 2003)(burden is on the claimant asserting affirmative defense to prove absence of actual knowledge).

Rivermark is the only party that can properly present the necessary evidence to show that it is an innocent owner. Since the forfeiture statute places the burden of proof for the innocent owner defense on the party seeking to seeking

9

to assert it, no other party would have standing to even argue the innocent owner defense, unless that same party was asserting the defense on its own behalf.

### III. CONCLUSION.

Based upon the foregoing points and authorities, applicant Rivermark meets all the requirements to allow its intervention in the present proceedings for forfeiture pursuant to F.R.C.P. 24(a)(2). If the Court were inclined to grant the motion to intervene, Rivermark requests an order permitting it to file its answer to the Complaint for Forfeiture.

Respectfully submitted this 26th day of October, 2004.

DANILO T. AGUILAR,
Attorney for Applicant-Intervenor
Rivermark Community Credit Union

1  DANILO T. AGUILAR
   Attorney at Law
2  First Floor, San Jose Court Building
   Cor. Ghiyeghi St. & Wischira Way, San Jose
3  P.O. Box 505301
   Saipan, MP 96950
4  TELEPHONE: (670) 234-8801
   FAX: (670) 234-1251
5
   Guam Address:
6  c/o BRONZE & TANG
   2nd Floor, Bank Pacific Building
7  825 S. Marine Drive
   Tamuning, Guam 96911
8  Telephone: (671) 646-2001
   Facsimile:  (671) 647-7671
9
10 Attorney for RIVERMARK COMMUNITY CREDIT UNION

11

12                    UNITED STATES DISTRICT COURT

13                     FOR THE DISTRICT OF GUAM

14 | UNITED STATES OF AMERICA,        | CIVIL CASE NO. 03-00042

15 |              Plaintiff,

16 |              v.                  | **DECLARATION OF DANILO T.**
                                        **AGUILAR IN SUPPORT OF**
17 | ONE 200 LEXUS AUTOMOBILE,        | **MOTION TO INTERVENE**
     MODEL RX300,                       **PURSUANT TO F.R.C.P. 24(a)(2).**
18 | VIN JTJHF10U520277477

19 |              Defendant.

20         I, Danilo T. Aguilar, hereby depose and say:

21         1.    I am a duly licensed attorney and I am admitted to practice

22 before the Supreme Court of Guam and the United District Court for the District of

23 Guam;

24
           2.    I am counsel for claimant Rivermark Community Credit Union
25
26 ("Rivermark");

27

28

3.     On or about October 25, 2004, I examined the District Court file at the Clerk's Office for the District Court of Guam for the above-entitled matter;

4.     Based upon my examination of the court file, I found that Plaintiff filed its complaint for forfeiture on or about December 12, 2003 against One 2002 Lexus Automobile, Model RX300 97213;

5.     During my examination of that same court file, I did not find any certificate of service with regard to either Safeway Northwest Central Credit Union or Rivermark Community Credit Union or Khanh Huynh;

6.     In addition, I also noted during my examination of the court file the absence of any notice of publication providing general notice of the pending forfeiture proceedings;

7.     Attached as Exhibit "A" this Declaration is a true and correct copy of vehicle certificate of title issued by the State of Oregon. Exhibit "A" indicates that claimant Huynh, Khanh Ai as registered as the owner/lessee, Safeway Northwest Central Credit Union, now known as Rivermark Community Credit Union (hereinafter "Rivermark"), was also noted as a "Security Interest Holder/Lessor". *See* Exhibit "A".

8.     Based upon my discussions with Rivermark's Oregon counsel Miles Monson, Esq., Rivermark was never served with a copy of the forfeiture complaint and Rivermark lacked notice of the forfeiture proceedings until the latter part of August 2004 when its counsel was notified that this matter was set for trial on November 10, 2004;

9.     On or about August 25, 2004, Mr. Monson wrote a letter to AUSA Karon Johnson requesting for a copy of the summons and complaint clearly

2

indicating that neither Rivermark nor its Oregon counsel were even aware of an impending forfeiture;

10. Attached as Exhibit "B" to this Declaration is a true and correct copy of the letter sent by Miles Monson, Esq. to AUSA Karon Johnson;

11. On or about October 14, 2004, I was retained by Rivermark as counsel to enter an appearance on its behalf to protect its interests in the vehicle that was the subject of the forfeiture. On that same day, I began my due diligence investigation regarding the possible claim of Rivermark to the subject vehicle.

12. On October 18, 2004, I sent a letter to AUSA Karon Johnson requesting a meeting to discuss the interests of Rivermark and the possibility of compensation for the interests of Rivermark;

13. Attached as Exhibit "C" to this Declaration is a true and correct copy of the letter I faxed to AUSA Karon Johnson;

14. A meeting was scheduled on Tuesday, October 19, 2004, but it was cancelled on the morning of October 19, 2004 when Typhoon Condition 2 was declared for the Island of Guam because of a storm;

15. On or about October 25, 2004, I met with AUSA Johnson to discuss the interests of Rivermark and to determine whether I could reach some sort of settlement with the United States to protect the interests of Rivermark;

16. It was during this meeting that that AUSA Johnson disclosed that the United States would not stipulate to order of compensation for Rivermark and seek a total forfeiture of the subject vehicle;

17. I have also reviewed the provisions of 18 U.S.C. §983 and I believe that the Rivermark's interests are protected as an innocent ower;

3

18. The burden of proof for an innocent owner defense under 18 U.S.C. §983(d), is placed upon the party seeking to assert that defense. In the current case, Rivermark is the only party that can assert the innocent owner defense on its behalf, thus making its participation in these proceedings absolutely necessary;

19. Based upon the factual circumstances regarding the lack of timely notice to Rivermark and the need for Rivermark to participate in these proceedings, the request by Rivermark to intervene as a claimant should be granted;

20. Attached as Exhibit "D" to this Declaration is applicant Rivermark's proposed answer that will be filed with the Court if the motion to intervene is granted;

21. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true, correct, and to the best of my knowledge.

Executed this 26th day of October, 2004 at Hagåtña, Guam.

**DANILO T. AGUILAR,**
Declarant

# EXHIBIT
# "A"

# OREGON VEHICLE CERTIFICATE OF TITLE

457795

| PLATE NUMBER | TITLE NUMBER | PROCESS DATE | TYPE/USE | REFERENCE NUMBER |
|---|---|---|---|---|
| ZXS681 | 0404277516 | 021104 | H/N | |

| YEAR | MAKE | STYLE | MODEL | VEHICLE IDENTIFICATION NUMBER | EQUIPMENT |
|---|---|---|---|---|---|
| 2002 | LEXS | UT | RX3 | JTJHF10U520277477 | |

ODOMETER READING: 15,423  ODOMETER DAT.: 01/14/04

HUYNH, KHANH AI
3101 NE 80TH AVE
PORTLAND OR 97213

SECURITY INTEREST HOLDER/LESSOR

SAFEWAY NORTHWEST CENTRAL CREDIT
UNION
2537 SE HAWTHORNE BLVD
PORTLAND OR 97214

ZXS681  JTJHF10U520277477  0404277516  C
3678 071 02 V1 T2 04 S8 M1 P5 E0 MO 26

# EXHIBIT
# "B"

# ANDERSON & MONSON, P.C.

Attorneys at Law
Park Plaza West – Suite 460
10700 SW Beaverton-Hillsdale Hwy.
Beaverton, Oregon 97005

TELEPHONE
(503) 646-9230
FACSIMILE
(503) 646-9846
E-MAIL
rick@andersonmonson.com
miles@andersonmonson.com

Richard T. Anderson, Jr.
(Oregon and Washington Bars)
Miles D. Monson
(Oregon and Washington Bars)

August 25, 2004

Patricia B. Bailie
Lisa A. Dawes
Jaime J. Ronk
(Legal Assistants)

*Via Facsimile* - 671-472-7334
Karon Johnson
Assistant U.S. Attorney

COPY

Re:   Rivermark Community Credit Union / Khahn Huynh
      Our File No. 169-024

Dear Ms. Johnson:

We represent Rivermark Community Credit Union, formerly known as Safeway Northwest Central Credit Union ("Rivermark") in the above-referenced matter.

Rivermark is a secured creditor of the debtor with a security interest in the debtor's 2002 Lexus UT, Vehicle Identification Number JTJHF10U520277477 ("the Collateral"). Thank you for taking the time to briefly discuss the forfeiture action that has been filed in this case.

Please fax to me a copy of the summons and complaint that was filed by your office.

What is your understanding as to the value of the Collateral? Rivermark believes that the blue book value of the Collateral is approximately $28,000. Rivermark's principal balance is $15,298.79. This amount does not include interest (per diem is $1.98) or attorney fees to the extent allowed by the parties agreement. Attached is a copy of the security agreement and title in this matter.

We understand that your position is that you believe there is equity in the Collateral and are going forward with the forfeiture of the Collateral and that upon any sale of the vehicle, Rivermark would be paid in full. I need to review the complaint and discuss this matter with my client. Upon doing so, if Rivermark is so inclined, please let me know if you would be willing to enter into a stipulated order that acknowledges Rivermark's security interest and provides for payment to Rivermark upon the sale of the vehicle. If you agree, I will discuss this option with my client.

# ANDERSON & MONSON, P.C.

Karon Johnson
August 25, 2004
Page 2

I look forward to hearing from you.  Thank you.

Very truly yours,

ANDERSON & MONSON, P.C.

Miles D. Monson

MDM:jr
Enclosures
cc:    Client (via facsimile)
clients/169/024/huynh.ltr

# EXHIBIT
## "C"

Law Offices of
# DANILO T. AGUILAR
FIRST FLOOR, SAN JOSE COURT BUILDING
COR. GHIYEGHI ST. & WISCHIRA WAY, SAN JOSE
P.O. Box 505301
SAIPAN, MP 96950

Tel: (670) 234-8801
Fax: (670) 234-1251
E-mail: dan_aguilar1@yahoo.com
aguilar@vzpacifica.net

Danilo T. Aguilar **＊**

October 18, 2004

**VIA FACSIMILE**
**(671) 472-7334**

Karon Johnson
Assistant U.S. Attorney
United States Attorney's Office
Sirena Plaza, Suite 500
108 Hernan Cortez
Hagatña, Guam 96910

> RE: ***United States of America v. One 2002 Lexus Automobile Model* RX300,**
> **Civil Case No. 03-00042; Interests of Rivermark Community Credit**
> **Union.**

Dear Ms. Johnson:

I have been recently retained by Rivermark Community Credit Union in the above-entitled matter.

I have had the opportunity to review copies of correspondence sent by Miles D. Monson, Esq. to you with the last letter dated September 15, 2004. It is my impression from the last letter sent to you that Mr. Monson has had at least one (1) telephone conversation with you regarding the security interest of Rivermark Community Credit Union in the vehicle that your office now seeks to forfeit in favor of the United States.

In Mr. Monson's previous letter, Mr. Monson noted that Rivermark is an innocent owner of the subject property. After reviewing the civil forfeiture case authority defining the "innocent owner" defense, I believe that the defense is meritorious and that Rivermark would be entitled to an order of compensation if the forfeiture is permitted.

At this point in time, Rivermark has requested that I try to resolve two issues prior to the trial scheduled on November 10, 2004. First, Rivermark would like to explore alternative arrangements for Tracle Sager, a loan officer for Rivermark who has been subpoenaed to appear on November 10, 2004 for the trial. Is Tracle Sager a necessary witness in this forfeiture action? If so, can we utilize an alternative method of obtaining his testimony either through telephone, video, or a deposition that could be taken in Oregon and presented to the Court as a testimony of

＊ Licensed to practice before the Courts of the CNMI, Guam and Hawaii

Guam Office: c/o Bronze and Tang, P.C. ● Bank Pacific Building ● 2nd Floor ●
825 South Marine Drive ● Tamuning, Guam 96913
Tel: (671) 6462001 ● Fax (671) 647-7671

an unavailable witness? The absence of Tracle Sager for the extended period of time to travel to Guam will cause certain problems for Rivermark in its operations and Rivermark is willing to explore other avenues of presenting the testimony to the Court.

The second issue, which was raised by Mr. Monson in his previous communications, is whether the United States Attorney's Office would be willing to stipulate to an order of compensation for Rivermark for its interests in the subject property when the property is ordered forfeited. If your office were inclined to agree to such an order, it will alleviate the need for Rivermark to make any further appearances to contest the forfeiture at the scheduled trial and to seek the same type of order. As I noted earlier, statutory authority and case law would support Rivermark's request for an order of compensation under the "innocent owner" defense.

In any event, I will be on Guam on the afternoon of Tuesday, October 18, 2004 through Wednesday, October 19, 2004. If your schedule permits, I would like to meet with you to discuss possible resolution of the issues that I noted in this letter. I will call your office later this afternoon to find out whether you have time to see me either tomorrow or on Wednesday.

If you have any questions, please do not hesitate to contact me at your convenience.

Very truly yours,

Danilo T. Aguilar

Cc:    Miles Monson, Esq.

The Law Office of Danilo T. Aguilar • First Floor, San Jose Court Building • P.O. Box 505301 • Saipan, MP 96950
Tel: (670) 234-8801 • Fax: (670) 234-1251
Guam Office: Bank Pacific Building • 2nd Floor • 825 South Marine Drive • Tamuning, Guam 96913
Tel: (671) 6462001 • Fax (671) 647-7671

# EXHIBIT
# "D"

1  DANILO T. AGUILAR
   Attorney at Law
2  First Floor, San Jose Court Building
   Cor. Ghiyeghi St. & Wischira Way, San Jose
3  P.O. Box 505301
   Saipan, MP 96950
4  TELEPHONE: (670) 234-8801
   FAX: (670) 234-1251
5
   Guam Address:
6  c/o BRONZE & TANG
   2nd Floor, Bank Pacific Building
7  825 S. Marine Drive
   Tamuning, Guam 96911
8  Telephone: (671) 646-2001
   Facsimile: (671) 647-7671
9

10  Attorney for RIVERMARK COMMUNITY CREDIT UNION

11              UNITED STATES DISTRICT COURT

12              FOR THE DISTRICT OF GUAM

13  UNITED STATES OF AMERICA,        CIVIL CASE NO. 03-00042

14                Plaintiff,

15        v.                          **ANSWER OF CLAIMANT
                                       RIVERMARK COMMUNITY
16  ONE 200 LEXUS AUTOMOBILE,              CREDIT UNION**
    MODEL RX300,
17  VIN JTJHF10U520277477

18                Defendant.

19
                COMES NOW Rivermark Community Credit Union
20
    (hereinafter "Rivermark"), by and through counsel Danilo T. Aguilar, and hereby
21
    submits its answer to Plaintiff's complaint for forfeiture as follows:
22
23            1.    Claimant Rivermark admits in part the allegation contained in

24  paragraph 1 of the complaint that this is a civil action in rem seeking the

25  forfeiture of a vehicle described as, One 2002 Lexus Automobile, Model RX300,

26  VIN JTJHF10U520277477.  The remaining allegations in the paragraph are denied.

27

28

2. Claimant Rivermark denies the allegations contained in paragraph 2 of the complaint.

3. Claimant Rivermark admits the allegations in paragraph 3 of the complaint.

4. Claimant Rivermark denies the allegation in paragraph 4 that venue is proper in this district. With regard to the remaining allegations in paragraph, Claimant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations and therefore denies those allegations;

5. Claimant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 5 and therefore denies those allegations;

6. Claimant denies the allegations in paragraph 6.

7. Claimant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 5 and therefore denies those allegations;

8. All other allegations of the complaint not specifically admitted are denied.

## AFFIRMATIVE DEFENSES

1. Failure to state a claim upon which relief may be granted;

2. Improper service of process;

3. Improper venue;

4. Insufficient nexus between alleged criminal activity and the subject matter vehicle;

2

5.   Claimant is an innocent owner of the subject vehicle and is
     entitled to an order of compensation in the event of forfeiture.

## **CLAIMANT'S COUNTERCLAIM**

Claimant asserts a counterclaim pursuant to 28 U.S.C. §2465, in the event that claimant Khanh Huynh substantially prevails in this action, Claimant Rivermark would be entitled to reasonable attorney fees, litigation costs, post-judgment interest, and any interest actually paid to Plaintiff, or any imputed interest on the defendant vehicle.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for the following relief:

1.   That Plaintiff's complaint is dismissed and Plaintiff is awarded
     nothing in this action;

2.   In the event that a forfeiture is granted, issue an order to
     Plaintiff compensating Claimant for the value of its interest in
     the subject vehicle, pursuant to 18 U.S.C. §983(d)(5)(B);

3.   Award to claimant, its attorney's fees, litigation costs incurred,
     post-judgment interest, and an amount equal to any interest
     actually paid to plaintiff, or an amount of imputed interest on
     the defendant res;

4.   For such other and further relief as the Court deems just and
     proper.

3

Respectfully submitted this ___ day of October, 2004

_____
DANILO T. AGUILAR,
Attorney for Claimant
Rivermark Community Credit Union

4