

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>ONE 2002 LEXUS AUTOMOBILE,<br>MODEL RX300,<br>VIN JTJHF10U520277477,<br><br>Defendant,<br><br>KHANH AI HUYNH,<br><br>Claimant. | Civil Case No. 03-00042<br><br><br><br>ORDER |

This matter is before the Court on the Motion to Intervene and Motion to Vacate Scheduling Order and to Continue Trial Date filed by claimant/intervenor, Rivermark Community Credit Union ("Rivermark"). Rivermark seeks to intervene in this matter in order to protect its alleged interest in the defendant, One 2002 Lexus Automobile. The plaintiff has filed an opposition to the motion and the claimant has not taken a position. Pursuant to Local Civil Rule 7.1(e)(3), this Court will dispense with oral argument and will decide the motion on the submitted briefs.[1] After reviewing the parties' submissions, as well as relevant caselaw and authority, the Court hereby GRANTS the motions.

**BACKGROUND**

On about December 12, 2003, the plaintiff, the United States of America filed a forfeiture

---

[1] Local Civ.R. 7.1(e)(3) states "[i]n cases where the parties have requested oral argument, such oral argument may be taken off calendar by Order of the Court, in the discretion of the Court, and a decision rendered on the basis of the written materials on file."

complaint against one 2002 Lexus Automobile, Model RX300 registered to claimant Huynh, Khanh Ai, with an address of 3101 NE 80th Ave., Portland, Oregon 97213. The plaintiff claims that pursuant to 21 U.S.C. § 853(a)(1), the subject vehicle is traceable to proceeds obtained directly and indirectly from trafficking in controlled substances, in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*, and is therefore subject to forfeiture to the Untied States of America.

On or about April 21, 2004, Khanh Ai Huynh filed a notice of claim to preserve her respective interest in the vehicle and filed her answer to the complaint. Rivermark which holds a security interest in the vehicle was not provided a copy of the forfeiture complaint nor was given any notice regarding the forfeiture proceedings until Oregon counsel for Rivermark, Miles Monson, Esq. ("Mr. Monson") was notified in the latter part of August 2004 that the current matter was set for trial on November 10, 2004. See Decl. Aguilar, at ¶ 8. On or about August 25, 2004, Mr. Monson, Esq. wrote a letter to the AUSA Karon Johnson ("AUSA Johnson") requesting she provide him with a copy of the summons and complaint. See Decl. Aguilar, at ¶s 9 and 10, Exhibit B attached thereto.

On or about October 14, 2004, Rivermark retained local counsel to enter an appearance on its behalf to protect its interests in the subject vehicle. See Decl. Aguilar, at ¶ 11. On October 18, 2004, counsel sent a letter to AUSA Johnson requesting a meeting to discuss Rivermark's interests and the possibility of compensating Rivermark for its interest in the vehicle. On October 25, 2004, the parties met. AUSA Johnson informed Mr. Aguilar that the United States would not stipulate to an order of compensation for Rivermark and would seek a total forfeiture of the subject vehicle. See Decl. Aguilar, at ¶ 16.

**DISCUSSION**

Rivermark now moves to intervene as a matter of right pursuant to Rule 24(a) of the Federal Rules of Civil Procedure.

Rule 24(a) provides:

> Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that

interest, unless the applicant's interest is adequately represented by existing parties. Fed. R. Civ. P. 24(a).

A party seeking intervention under Rule 24 (a) must "demonstrate that '(1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest.'" United States v. Alisal Water Corp., 370 F.3d 915, 919 (9th Cir. 2004) (quoting United States v. City of Los Angeles, 228 F.3d 391, 397 (9th Cir. 2002)). The moving party bears the burden of proving that all four requirements for intervention have been met. Alisal Water, 370 F.3d at 919. "In determining whether intervention is appropriate, courts are guided primarily by practical and equitable considerations, and the requirement for intervention are broadly interpreted in favor of intervention." Id.

The Ninth Circuit has stated that "[a]n applicant for intervention has a significantly protectable interest if the interest is protected by law and there is a relationship between the legally protected interest and the plaintiff's claims." Alisal Water, 370 F.3d at 919. In this matter, Rivermark claims that its interests in the subject vehicle are as a bonafide lienholder. See Decl. Aguilar, Exhibit A attached thereto. As such, the vehicle is the only property that Rivermark can repossess and sell to ensure repayment of Khanh Ai Huynh's debt.

Additionally, Rivermark claims that its interest in the property is protected from forfeiture through the "innocent owner" defense. Under 18 U.S.C. § 983(d)(1), "an innocent owner's interest in property shall not be forfeited under any civil forfeiture statue. The claimant shall have the burden of proving that the claimant is an innocent owner by a preponderance of the evidence." Section 983(d)(6)(A) defines "owner" as a ". . . person with an ownership interest in the specific property sought to be forfeited, including a leasehold, lien, mortgage, recorded security interest, or valid assignment of an ownership interest; . . ." Rivermark claims that its interest is that of a recorded security interest which is evidenced in the title of the subject vehicle. Id. It is clear that Rivermark meets the first requirement.

As to the second requirement, Rivermark claims that if it is not permitted to intervene, its

rights and ability to collect on the debt owed by claimant Khanh Ai Huynh will be impaired. According to Rivermark, the United States is seeking forfeiture of the vehicle and the extinguishment of the claimant Khanh Ai Huynh's rights to the vehicle. If this were to occur, Rivermark claims that it its interest would be transformed from a secured one to that of unsecured. The Court agrees that Rivermark rights may be impaired if the case proceeds without it being able to assert its claims.

As for the requirement of timely filing, courts consider "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for the length of the delay." Alisal Water, 370 F.3d at 921 (quoting Cal. Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc., 309 F.3d 1113, 1119 (9th Cir. 2002)). The Court concludes that under the circumstances, Rivermark filed its motion in a timely manner. Rivermark was never served with a copy of the complaint for forfeiture. See Decl. Aguilar, at ¶ 5. Only in late August 2004, did it become aware of the proceedings. Id. at ¶ 8. After learning of the ongoing forfeiture proceedings, Oregon counsel, Mr. Monson, wrote a letter to AUSA Johnson requesting a copy of the summons and complaint. Thereafter, on October 14, 2004, Rivermark retained local counsel, Mr. Aguilar.

After investigating the matter, Mr. Aguilar attempted to meet with AUSA Johnson on October 19, 2004 to discuss Rivermark's position and possible settlement of the case. Id. at ¶s 14-16. However, because of the threat of an impending Typhoon, the meeting was postponed. Id. On October 25, 2004, Mr. Aguilar met with AUSA Johnson and learned that settlement of Rivermark's claim was not possible. The following day, on October 26, 2004, Rivermark filed its motions to intervene. The Court finds that Rivermark acted reasonably and in a timely manner to protect its interests. Accordingly, the Court concludes that the Rivermark has satisfied the third requirement.

As for the final requirement for intervention as a matter of right, the Ninth Circuit considers three factors in determining the adequacy of representation: "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." Arakaki v.

| | |
|---|---|
|1| Cayetano, 324 F.3d 1078, 1086 (9th Cir. 2003). "The most important factor in determining the |
|2| adequacy of representation is how the interest compares with the interests of existing parties. Id. |
|3| "Where parties share the same ultimate objective, differences in litigation strategy do not normally |
|4| justify intervention." Id. |
|5| In this matter, Rivermark states that its interest is quite different from either the interests |
|6| of the claimant Khanh Ai Huynh or the United States. The United States seeks a total forfeiture of |
|7| the subject vehicle and the extinguishment of the claimant Khanh Ai Huynh's interests. The only |
|8| interest of the claimant is to prevent the forfeiture. |
|9| It is anticipated that neither the United States nor the claimant Khanh Ai Huynh will make |
|10| the argument that Rivermark is an innocent owner. The burden of proof of an "innocent owner |
|11| defense" under 18 U.S.C. § 983(d)(1), is clearly placed on the claimant seeking such a finding. As |
|12| part of that burden, it is incumbent upon the innocent owner to present evidence that: 1) the owner |
|13| did not know of the conduct giving rise to the forfeiture, did all that reasonably could be expected |
|14| under the circumstances to terminate such use of the property. See United States v. 2001 Honda |
|15| Accord, 245 F.Supp.2d 602 (M.D. Penn 2003) (burden is on the claimant asserting affirmative |
|16| defense to prove the absence of actual knowledge). The Court agrees with Rivermark that it is the |
|17| only party that can properly present the necessary evidence that it is an innocent owner. |
|18| Accordingly, the fourth requirement to intervene is met and Rivermark has met its burden entitling |
|19| it to intervene in this matter. |
|20| The Court notes that Rivermark also moved to vacate the scheduling order and to continue |
|21| the trial date. Pursuant to Federal Rules of Civil Procedure, Rule 16(b), modification of the |
|22| scheduling order shall not be modified except upon a showing of good cause and leave of the court. |
|23| In this instance, Rivermark counsel claims that it will need additional time to conduct discovery and |
|24| additional investigation of its records to obtain the necessary evidence to support its affirmative |
|25| defense that it is an "innocent owner" under 18 U.S.C. §983(d). Rivermark claims that if the trial |
|26| were to proceed as presently scheduled, it would not have an opportunity to properly prepare for trial |
|27| and would be deprived of its ability to obtain and present evidence its defense. |
|28| In addition, local counsel, Mr. Aguilar claims that he has a scheduling conflict with the |

scheduled trial date. Prior to Rivermark retaining his services, counsel was scheduled to be in Honolulu, Hawaii for argument before the U.S. Ninth Circuit Court of Appeal on November 5, 2004. While in Hawaii, counsel agreed to conduct several depositions for parties involved in a separate civil matter pending in Saipan, which he scheduled for November 10, 2004. See Decl. Aguilar, at ¶s 11-13. With these preexisting commitments, counsel states that he will be unable to participate in the trial in this matter if it is not moved. Id. The Court finds there is good cause to vacate the scheduling order and to continue the trial. Counsel has only been retained for approximately twelve days and should be given a reasonable time to conduct the necessary discovery and prepare for trial.

## CONCLUSION

The Court hereby grants the motion to intervene and the motion to vacate the scheduling order and to continue the trial date. The Court finds that Rivermark has established a right to intervene and should have the time to properly prepare for trial. The parties are directed to file an amended discovery plan and scheduling order by November 10, 2004.

SO ORDERED this **29th** day of October, 2004

>                          /s/ Morrison C. England, Jr.
>                          MORRISON C. ENGLAND, JR.*
>                          United States District Judge

---

*The Honorable Morrison C. England, Jr., United States District Judge for the Eastern District of California, sitting by designation.