DANILO T. AGUILAR
Attorney at Law
First Floor, San Jose Court Building
Cor. Ghiyeghi St. & Wischira Way, San Jose
P.O. Box 505301
Saipan, MP 96950
TELEPHONE: (670) 234-8801
FAX: (670) 234-1251

Guam Address:
c/o BRONZE & TANG
2nd Floor, Bank Pacific Building
825 S. Marine Drive
Tamuning, Guam 96911
Telephone: (671) 646-2001
Facsimile: (671) 647-7671

Attorney for RIVERMARK COMMUNITY CREDIT UNION

FILED
DISTRICT COURT OF GUAM
NOV 24 2004
MARY L. M. MORAN
CLERK OF COURT

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ONE 200 LEXUS AUTOMOBILE, MODEL RX300, VIN JTJHF10U520277477 <br><br> Defendant. | CIVIL CASE NO. 03-00042 <br><br> **ANSWER OF CLAIMANT RIVERMARK COMMUNITY CREDIT UNION** |

COMES NOW Rivermark Community Credit Union (hereinafter "Rivermark"), by and through counsel Danilo T. Aguilar, and hereby submits its answer to Plaintiff's complaint for forfeiture as follows:

1. Claimant Rivermark admits in part the allegation contained in paragraph 1 of the complaint that this is a civil action in rem seeking the forfeiture of a vehicle described as, One 2002 Lexus Automobile, Model RX300, VIN JTJHF10U520277477. The remaining allegations in the paragraph are denied.

2. Claimant Rivermark denies the allegations contained in paragraph 2 of the complaint.

3. Claimant Rivermark admits the allegations in paragraph 3 of the complaint.

4. Claimant Rivermark denies the allegation in paragraph 4 that venue is proper in this district. With regard to the remaining allegations in paragraph, Claimant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations and therefore denies those allegations;

5. Claimant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 5 and therefore denies those allegations;

6. Claimant denies the allegations in paragraph 6.

7. Claimant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 5 and therefore denies those allegations;

8. All other allegations of the complaint not specifically admitted are denied.

### AFFIRMATIVE DEFENSES

1. Failure to state a claim upon which relief may be granted;
2. Improper service of process;
3. Improper venue;
4. Insufficient nexus between alleged criminal activity and the subject matter vehicle;

2

5. Claimant is an innocent owner of the subject vehicle and is entitled to an order of compensation in the event of forfeiture.

## CLAIMANT'S COUNTERCLAIM

Claimant asserts a counterclaim pursuant to 28 U.S.C. §2465, in the event that claimant Khanh Huynh substantially prevails in this action, Claimant Rivermark would be entitled to reasonable attorney fees, litigation costs, post-judgment interest, and any interest actually paid to Plaintiff, or any imputed interest on the defendant vehicle.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for the following relief:

1. That Plaintiff's complaint is dismissed and Plaintiff is awarded nothing in this action;
2. In the event that a forfeiture is granted, issue an order to Plaintiff compensating Claimant for the value of its interest in the subject vehicle, pursuant to 18 U.S.C. §983(d)(5)(B);
3. Award to claimant, its attorney's fees, litigation costs incurred, post-judgment interest, and an amount equal to any interest actually paid to plaintiff, or an amount of imputed interest on the defendant res;
4. For such other and further relief as the Court deems just and proper.

3

Respectfully submitted this 2nd day of November, 2004

*[signature]*
DANILO T. AGUILAR,
Attorney for Claimant
Rivermark Community Credit Union