1  2002Lexus.MCI

2  LEONARDO M. RAPADAS
   United States Attorney
3
   KARON V. JOHNSON
4  Assistant U.S. Attorney
   Suite 500, Sirena Plaza
5  108 Hernan Cortes
   Hagåtña, Guam 96910
6  Telephone: (671) 472-7332/7283
   Telecopier: (671) 472-7334/7215

Attorneys for United States of America

**FILED**
DISTRICT COURT OF GUAM

FEB 10 2005

MARY L.M. MORAN
CLERK OF COURT

(54)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | ) CIVIL CASE NO. 03-00042 |
|---|---|
| Plaintiff, | ) |
| vs. | ) **UNITED STATES MOTION** |
| ONE 2002 LEXUS AUTOMOBILE, | ) **TO COMPEL ANSWER TO** |
| MODEL RX300, | ) **INTERROGATORIES** |
| VIN JTJHF10U520277477, | ) |
| Defendant, | ) |
| KHANH AI HUYNH, | ) |
| Claimant. | ) |

COMES NOW the United States of America, by and through undersigned counsel, and moves this Honorable Court for an Order compelling claimant Khanh Ai Huynh to answer its first set of interrogatories, served upon her July 21, 2004. This motion is made pursuant to Federal Rule of Civil Procedure 37(2)(B). The certification required by said Rule is attached hereto and by reference incorporated herein.

Respectfully submitted this 10th day of February, 2005.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: _____
KARON V. JOHNSON
Assistant U.S. Attorney

## CERTIFICATION

I, Karon V. Johnson, do make the following certification in support of the government's motion to compel an answer.

The United States is seeking forfeiture of the above-named 2002 Lexus automobile, which action was commenced December 12, 2003, with the filing of a Verified Complaint. On February 27, 2004, Khanh Ai Huynh filed a Notice of Claim by and through Oregon attorney William S. Labahn. Attorney Frederick J. Kerley was her designated local counsel. An associate of Mr. Labahn's, Veronica Valda, appeared as counsel for claimant Huynh. The preliminary pretrial meeting was set for September 10, 2004; trial was set for October 4, 2004.

The United States served its Rule 26 discovery on claimant Huynh June 24, 2004. It served its first set of interrogatories on claimant Huynh on July 21, 2004. Mr. Labahn contacted me by letter dated August 9, requesting a few additional days to provide the requested materials. On September 8, 2004, I sent a letter to Mr. Labahn reminding him that I had received neither the Rule 26 discovery promised by him, nor answers to my interrogatories.

The government appeared at the Preliminary Pretrial Conference September 10, 2004. No one appeared for claimant Huynh.. Subsequently, I received a telephone call from Mr. Labahn on September 14, 2004, advising me that Veronica Valda had left his office and he wanted to continue the trial. I advised him I would object to any continuance. Subsequently I talked again to Mr. Labahn, and I agreed to a continuance of the trial provided that certain conditions were met. As reflected in the Order continuing trial filed September 20, 2004, there conditions were that "Claimant shall provide the discovery that has not been provided within 1 week of the date this order is signed by the court. Claimant's answers to the government's

-1-

Attachment

interrogatories shall be served within 2 weeks after the date of this order." Trial was reset to November 10, 2004, and a final pretrial conference was scheduled for October 20, 2004.

Thus, the answers to my interrogatories were due by October 4, 2004. Claimant Huynh did not comply with the court's order. On October 19, 2004, I again wrote Mr. LaBahn, reminding him that the final pretrial conference was scheduled for the next day, and that I still had not received the answers to my interrogatories. I advised him that unless I received these answers by October 20, I would seek dismissal of Huynh's claim.

Subsequently, Rivermark Community Credit Union filed a motion to intervene, which was permitted by the court on October 29, 2004. The court ordered the parties to file an amended discovery plan and scheduling order by November 10, 2004. I sent a proposed scheduling order to Mr. LaBahn and counsel for Rivermark, Mr. Danilo T. Aguilar, but did not receive a response. Subsequently, I filed a proposed scheduling ordering December 14, 2004, advising the court that I had not received a response from either claimant concerning the proposed dates. The court by order entered December 20, 2004, set a scheduling conference for February 15, 2005, and directed counsel for claimants Huynh and Rivermark to contact the Plaintiff to provide their respective input to the proposed scheduling order and discovery plan. "Their failure to do so may result in the imposition of appropriate sanctions or waiver of objections to the schedule proposed by the Plaintiff."

On December 29, 2004, I received input concerning the scheduling order from counsel for claimant Rivermark. To date, I have received no communication from Mr. Labahn, and no answers to my interrogatories. On January 20, 2005, Frederick J. Kerley moved to withdraw as local counsel for claimant Huynh. It appears that Huynh is no longer interested in pursuing this

claim.

Respectfully submitted this __10th__ day of February, 2005.

*/s/ Karon V. Johnson*
KARON V. JOHNSON
Assistant U.S. Attorney