2002Lexus.MDC

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Agana, Guam 96910
Telephone: (671) 472-7332/7283
Telecopier: (671) 472-7334

Attorneys for United States of America

FILED
DISTRICT COURT OF GUAM
MAR 22 2005 9/O
MARY L.M. MORAN
CLERK OF COURT
65

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE TERRITORY OF GUAM**

UNITED STATES OF AMERICA,
Plaintiff,
vs.
ONE 2002 LEXUS AUTOMOBILE MODEL RX300, VIN JTJHF10U520277477,
Defendant.
KHANH AI HUYNH,
Claimant.

~~CRIMINAL~~ CIVIL CASE NO. 03-00042

**MOTION TO DISMISS CLAIM AND ENTER DEFAULT JUDGMENT AS TO THE CLAIM OF KHANH AI HUYNH**

COMES NOW the United States of America, by and through undersigned counsel, and respectfully moves this Honorable Court for an order dismissing the claim of Khanh Ai Huynh, entered February 27, 2004, and ordering the entry of a default judgment as to her claim. This motion is made for the reason that Huynh has not complied with the court's order of March 14, 2005, to reply to the government's first set of interrogatories by March 21, 2005.

On February 10, 2005, the United States filed a motion to compel discovery, after Huynh had failed to provide any of the discovery required by Federal Rule of Civil Procedure 26, or to answer the government's interrogatories. A copy of the government's Certification in support of



ORIGINAL

that motion is attached hereto as Exhibit 1. The certificate of service of that motion upon counsel for claimant William S. Labahn is attached here to as Exhibit 2. The events which occurred subsequent to the filing of that motion and the court's entry of the order compelling a reply to the government's interrogatories, are set forth in the Declaration of Counsel, attached hereto as Exhibit 3. On March 14, 2005, this Honorable Court entered an order directing claimant to answer the government's first set of interrogatories by March 21, 2005. The government attempted to serve this order on counsel Labahn by fax is hereto attached as Exhibits 4A and 4B; the fax number was not functional. It appears that Mr. Labahn is no longer practicing law, at least as it concerns this case.

## MEMORANDUM IN SUPPORT OF MOTION

Federal Rule of Civil Procedure 37 provides that if a party is not getting cooperation from the opposition concerning discovery, it may file a motion to compel discovery, and for whatever sanctions may be appropriate. This was done by court order entered March 14, 2005. If the opposing party fails to obey the court's order, FRCP 37(2) provides:

> (2) ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> > (C) An order striking out pleadings or parts thereof, or staying Further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering judgment by default against the disobedient party; ... .

The court's imposition of the sanction of dismissal pursuant to Fed.R.Civ.P 37(b)(2)(C) is reviewed for abuse of discretion. Gordon v. State of Idaho, 778 F.2d 1397 (9th Cir. 1985). Such a sanction is only appropriate if noncompliance with its discovery order results "from the willfulness, bad faith, or fault of the noncomplying party." Id. at 1399.

The district court must consider five factors in determining whether the circumstances warrant dismissal:

"(1) the public's interest in expeditious resolution of litigation;

(2) the court's need to manage its docket;

(3) the risk of prejudice to the defendants;

(4) the public policy favoring disposition of cases on their merits; and

(5) the availability of less drastic sanctions".

In re The Exxon Valdez, 102 F.3d 429, 433 (9th Cir. 1996).

An example of conduct for which a dismissal was justified is Fair Housing of Marin v. Jack Combs, 285 F.3d 899 (9th Cir. 2002). There, a fair-housing organization sued Combs for racial bias in renting apartments. Combs "flouted even his basic discovery obligations, often violating court orders." Id. at 905. Ultimately, the district court struck his answer and entered a default judgment in favor of the plaintiff. The court affirmed, noting that "Combs continued to violate court orders despite multiple warnings ... ." Id. at 906.

**ARGUMENT**

This Honorable Court should dismiss Huynh's complaint for two reasons. First, she is in violation of District Court of Guam local rule 17. Mr. Labahn was appearing *pro hac vice* through attorney Frederick Kerley. Since Mr. Kerley's resignation on January 20, 2005, however, she has failed to designate another member of the Guam bar to appear as co-counsel. The government believes this is consistent with her intention to abandon the prosecution of this claim.

Second, the March 14, 2005 order was the second court order which claimant Huynh has disobeyed. The government was ready to try this case October 4, 2004. It only agreed to continue trial if claimant would provide the answers to the government's interrogatories which were first served on her July 21, 2004. In its order continuing trial, filed September 20, 2004, this court specifically ordered claimant to answer the interrogatories within two weeks of the date of the order, i.e., by October 4, 2004. As reflected in counsel's Certification, Exhibit 1, the government has had no contact with Mr. Labahn, either for discovery or other matters such as a proposed scheduling orders, since September 14, 2004.

The government is prejudiced by claimant's failure to respond to discovery, or for that matter, anything related to this case. This 2002 Lexus is depreciating in value with every day that passes. It is apparent that Huynh has abandoned her prosecution of her claim, and that

further delay on her behalf would not cause the merits of the case to be resolved, but rather would only further prejudice the government.

Respectfully submitted this 22nd day of March, 2005.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: [signature]
KARON V. JOHNSON
Assistant United States Attorney

<u>CERTIFICATION</u>

I, Karon V. Johnson, do make the following certification in support of the government's motion to compel an answer.

The United States is seeking forfeiture of the above-named 2002 Lexus automobile, which action was commenced December 12, 2003, with the filing of a Verified Complaint. On February 27, 2004, Khanh Ai Huynh filed a Notice of Claim by and through Oregon attorney William S. Labahn. Attorney Frederick J. Kerley was her designated local counsel. An associate of Mr. Labahn's, Veronica Valda, appeared as counsel for claimant Huynh. The preliminary pretrial meeting was set for September 10, 2004; trial was set for October 4, 2004.

The United States served its Rule 26 discovery on claimant Huynh June 24, 2004. It served its first set of interrogatories on claimant Huynh on July 21, 2004. Mr. Labahn contacted me by letter dated August 9, requesting a few additional days to provide the requested materials. On September 8, 2004, I sent a letter to Mr. Labahn reminding him that I had received neither the Rule 26 discovery promised by him, nor answers to my interrogatories.

The government appeared at the Preliminary Pretrial Conference September 10, 2004. No one appeared for claimant Huynh.. Subsequently, I received a telephone call from Mr. Labahn on September 14, 2004, advising me that Veronica Valda had left his office and he wanted to continue the trial. I advised him I would object to any continuance. Subsequently I talked again to Mr. Labahn, and I agreed to a continuance of the trial provided that certain conditions were met. As reflected in the Order continuing trial filed September 20, 2004, there conditions were that "Claimant shall provide the discovery that has not been provided within 1 week of the date this order is signed by the court. Claimant's answers to the government's





EXHIBIT 1

ATTACHMENT

interrogatories shall be served within 2 weeks after the date of this order." Trial was reset to November 10, 2004, and a final pretrial conference was scheduled for October 20, 2004.

Thus, the answers to my interrogatories were due by October 4, 2004. Claimant Huynh did not comply with the court's order. On October 19, 2004, I again wrote Mr. LaBahn, reminding him that the final pretrial conference was scheduled for the next day, and that I still had not received the answers to my interrogatories. I advised him that unless I received these answers by October 20, I would seek dismissal of Huynh's claim.

Subsequently, Rivermark Community Credit Union filed a motion to intervene, which was permitted by the court on October 29, 2004. The court ordered the parties to file an amended discovery plan and scheduling order by November 10, 2004. I sent a proposed scheduling order to Mr. LaBahn and counsel for Rivermark, Mr. Danilo T. Aguilar, but did not receive a response. Subsequently, I filed a proposed scheduling ordering December 14, 2004, advising the court that I had not received a response from either claimant concerning the proposed dates. The court by order entered December 20, 2004, set a scheduling conference for February 15, 2005, and directed counsel for claimants Huynh and Rivermark to contact the Plaintiff to provide their respective input to the proposed scheduling order and discovery plan. "Their failure to do so may result in the imposition of appropriate sanctions or waiver of objections to the schedule proposed by the Plaintiff."

On December 29, 2004, I received input concerning the scheduling order from counsel for claimant Rivermark. To date, I have received no communication from Mr. Labahn, and no answers to my interrogatories. On January 20, 2005, Frederick J. Kerley moved to withdraw as local counsel for claimant Huynh. It appears that Huynh is no longer interested in pursuing this

claim.

Respectfully submitted this _10th_ day of February, 2005.

KARON V. JOHNSON
Assistant U.S. Attorney

2002 Lexus.CER

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
Tel: (671) 472-7332
Fax: (671) 472-7334

Attorneys for United States of America

FILED
DISTRICT COURT OF GUAM
FEB 18 2005
MARY L.M. MORAN
CLERK OF COURT

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE TERRITORY OF GUAM**

UNITED STATES OF AMERICA,
Plaintiff,
vs.
ONE 2002 LEXUS AUTOMOBILE, MODEL RX300, VIN JTJHF10U520277477,
Defendant,
KHANH AI HUYNH,
Claimant.

CIVIL CASE NO. 03-00042

**CERTIFICATE OF SERVICE**

I, CARMELLETA SAN NICOLAS, working in the United States Attorney's Office, hereby certify that on February 17, 2005, I caused to be served by regular postal airmail service, a filed copy of the foregoing documents: **United States Motion to Compel Answer to Interrogatories** and **United States Notice of Motion**, in U.S. vs. One 2002 Lexus Automobile, Model RX300, VIN JTJHF10U520277477, Civil Case No. 03-00042 to the following individual: William S. Labahn, Attorney at Law, 132 E. Broadway, Suite, 331, Eugene, Oregon 97401.

DATED: 2/17/05

CARMELLETA SAN NICOLAS
Secretary to the U.S. Attorney

EXHIBIT 2

## DECLARATION

I, Karon V. Johnson, do make the following declaration in support of the government's motion to dismiss the claim of Khanh Ai Huynh, and to enter a default judgment as to her claim to the defendant res. This Declaration is an addendum to the Certification of counsel marked as Exhibit 1 in this motion to dismiss.

After the United States had moved for an order to compel claimant Khanh Ai Huynh to answer the government's first set of interrogatories, the government served counsel for claimant Huynh, William S. Labahn, by mailing the motion on February 18, 2005. The court set the hearing date for this motion for March 14, 2005, at 10 a.m. A copy of the certificate of service is attached hereto as Exhibit 2.

At the hearing March 14, only counsel for the government and counsel for the intervenor Rivermark Community Credit Union, appeared. There was no appearance by Mr. Labahn; I had received no communication from him prior to the hearing. The last communication of any kind I had with Mr. Labahn was on September 24, 2004, when he asked the government to agree to a continuance of the trial date.

Mr. Frederick Kerley, local counsel for claimant Huynh, has been allowed to withdraw from the case because the claimant had not paid him pursuant to their agreement. No other Guam attorney has been retained or has appeared on claimant's behalf. On March 14, 2005, the court entered an order directing claimant Huynh to answer the government's first set of interrogatories by March 21, 2005. Carmelleta San Nicolas, the assistant in charge of forfeitures, attempted to fax a copy of the court's order to Mr. Labahn on March 15 and 18, 2005. She was unable to send the order, however, because Mr. Labahn's fax line does not answer. I have received no communication of any kind from Mr. Labahn concerning an answer to my first set of interrogatories.

I believe that the claimant Huynh has abandoned the prosecution of her claim. I am seeking to have her claim dismissed, and a default judgment entered as to her purported interest, because this case has gone on for more than a year, without any action by the claimant other than



EXHIBIT 3

to retain Mr. Kerley as local counsel, which is required by court rule. In the meantime, the defendant res has remained in storage. An automobile is uniquely subject to depreciation over time; the newer the vehicle, the greater the percentage of depreciation. The value of this vehicle has declined in the one year that this case has been pending. As well, storage fees are accumulating against, it, which further decrease its value to the government.

For all these reasons, I am seeking an order dismissing Khanh Ai Huynh's claim and entering a default judgment as to her interest.

Respectfully submitted this 22nd day of March, 2005.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: [signature]
KARON V. JOHNSON
Assistant U.S. Attorney



U.S. Department of Justice

*United States Attorney*
*District of Guam*

*Sirena Plaza, Suite 500*
*108 Hernan Cortez Avenue*
*Hagåtña, Guam 96910*
(671) 472-7332
FAX (671) 472-7334

# FACSIMILE TRANSMISSION COVER PAGE

**FACSIMILE NO:** (541) 344-7082

**TO:** William Lalonia, Esq.

**FROM:** Karon Johnson, AUSA

**FAXED BY:** Bonnie San Nicolas

**ORGANIZATION:** ***United States Attorney's Office***
***District of Guam***
***Tel: (671) 472-7332*** ***Fax: (671) 472-7334***

**DATE:** March 15, 2005

**NO. OF PAGES:** -1- **(Excluding this cover page)**

**COMMENTS:** Order ltd March 14, 2005 U.S. vs. One 2002 Lexus Automobile, Model RX 300, Civil Case #03-00042.

**NOTE:** **If you do not receive the total number of pages indicated, please call the sending individual listed above.**

CONFIDENTIALITY NOTICE

THE INFORMATION TRANSMITTED IN THIS TELEFAX MAY CONTAIN LEGALLY PRIVILEGED CONFIDENTIAL INFORMATION BELONGING TO THE SENDER. THIS TELEFAX TRANSMISSION OF PRIVILEGED INFORMATION IS INTENDED TO BE USED ONLY BY THE PERSON OR AGENCY NOTED ABOVE.

IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, COPYING, DISTRIBUTION, OR THE TAKING OF ANY ACTION IN RELIANCE ON THE INFORMATION CONTAINED IN THIS TELEFAX IS STRICTLY PROHIBITED.

IF YOU HAVE RECEIVED THIS TELEFAX IN ERROR, PLEASE NOTIFY THE SENDER IMMEDIATELY. YOUR CONCERN AND ATTENTION IS GREATLY APPRECIATED.

NOTES: Fax line keeps ringing - 3/15/05
NO Answer!

EXHIBIT 4A



U.S. Department of Justice

*United States Attorney*
*District of Guam*

*Sirena Plaza, Suite 500*
*108 Hernan Cortez Avenue*
*Hagåtña, Guam 96910*
(671) 472-7332
FAX (671) 472-7334

# FACSIMILE TRANSMISSION COVER PAGE

**FACSIMILE NO:** (541) 344-7022

**TO:** William LaBahn, Esq.

**FROM:** Karon Johnson, AUSA

**FAXED BY:** Grace

**ORGANIZATION:** ***United States Attorney's Office***
***District of Guam***
***Tel: (671) 472-7332*** ***Fax: (671) 472-7334***

**DATE:** 3/18/05

**NO. OF PAGES:** -1- **(Excluding this cover page)**

**COMMENTS:** Order dated 3/14/05, U.S. vs. One 2002 Lexus Automobile, Model RX300, Civil Case No. 03-00042.

**NOTE:** **If you do not receive the total number of pages indicated, please call the sending individual listed above.**

**CONFIDENTIALITY NOTICE**

**THE INFORMATION TRANSMITTED IN THIS TELEFAX MAY CONTAIN LEGALLY PRIVILEGED CONFIDENTIAL INFORMATION BELONGING TO THE SENDER. THIS TELEFAX TRANSMISSION OF PRIVILEGED INFORMATION IS INTENDED TO BE USED ONLY BY THE PERSON OR AGENCY NOTED ABOVE.**

**IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, COPYING, DISTRIBUTION, OR THE TAKING OF ANY ACTION IN RELIANCE ON THE INFORMATION CONTAINED IN THIS TELEFAX IS STRICTLY PROHIBITED.**

**IF YOU HAVE RECEIVED THIS TELEFAX IN ERROR, PLEASE NOTIFY THE SENDER IMMEDIATELY. YOUR CONCERN AND ATTENTION IS GREATLY APPRECIATED.**

EXHIBIT 4B

FILED
DISTRICT COURT OF GUAM
MAR 14 2005
MARY L.M. MORAN
CLERK OF COURT

2002Lexus.ORD

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortes
Hagåtña, Guam 96910
Telephone: (671) 472-7332/7283
Telecopier: (671) 472-7334/7215

Attorneys for United States of America

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE TERRITORY OF GUAM**

UNITED STATES OF AMERICA,
Plaintiff,
vs.
ONE 2002 LEXUS AUTOMOBILE, MODEL RX300, VIN JTJHF10U520277477,
Defendant,
KHANH AI HUYNH,
Claimant.

CIVIL CASE NO. 03-00042

**ORDER**
~~[Proposed]~~ JVM

This cause was heard on Plaintiff's motion to compel claimant Huynh to answer the government's first set of interrogatories, served by Plaintiff July 21, 2004. Upon due consideration,

**IT IS HEREBY ORDERED** that claimant Khanh Ai Huynh shall answer under oath the Plaintiff's first set of interrogatories by ~~February 15~~ March 21, 2005.

DATED this 14th day of ~~February~~ March, 2005.

JOAQUIN V. E. MANIBUSAN, JR.
Magistrate Judge
District Court of Guam

RECEIVED
FEB 10 2005
DISTRICT COURT OF GUAM
HAGATNA, GUAM