FILED
DISTRICT COURT OF GUAM
APR 28 2005
MARY L.M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> ONE 2002 LEXUS AUTOMOBILE MODEL RX300, VIN JTJHF10U520277477, <br> Defendant. <br> KHANH AI HUYNH, <br> Claimant. | CV 03-00042 <br><br> ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS CLAIM AND DENYING MOTION TO ENTER DEFAULT JUDGMENT AS TO THE CLAIM OF KHANH AI HUYNH |

I.  INTRODUCTION

This is a civil action in rem brought by Plaintiff, the United States of America for forfeiture of a Lexus automobile, for disposition according to law. The Lexus at issue was derived from and is traceable to proceeds obtained

1

directly and indirectly from trafficking of controlled substances.

In the instant matter, Plaintiff moves the Court for an order dismissing the claim of Khanh Ai Huynh and ordering the entry of default judgment as to her claim.

A hearing was held on April 28, 2005, where AUSA Karen Johnson appeared on behalf of Plaintiff United States. There was no appearance for Claimant Khanh Ai Huynh.

## II. BACKGROUND

On December 12, 2003, Plaintiff United States of America ("Plaintiff") brought this Action to enforce the provision of 21 U.S.C. Section 853(a)(1) for the forfeiture of a vehicle, one 2002 Lexus Automobile, Model RX300, VIN JTHF10U520277477, a grey four-door wagon, which is property constituting and derived from the proceeds of trafficking controlled substances, in violation of the Controlled Substances Act, 21 U.S.C. Section 801 et seq

Plaintiff brings this action in rem in its own right to forfeit and condemn the defendant property under 18 U.S.C. Sections 981(a)(1)(B)(I) and 983. The Defendant in this Action is the Lexus automobile ("Lexus") and the Claimant is Khanh Ai Huynh ("Claimant" or "Huynh").

On February 27, 2004, Huynh filed a notice of her interest in the Lexus through her attorney, William Labahn, an attorney from Oregon appearing *pro hac vice* through

attorney Frederick Kerley. On April 21, 2004, an associate from Mr. Labahn's office filed an Answer to the Complaint.

### III. DISCUSSION
### A. Legal Standard: FRCP 37 Dismissal

Federal Rule of Civil Procedure 37 provides that if a party is not getting cooperation from the opposing party concerning discovery, it may file a motion to compel discovery, and for whatever sanctions may be appropriate. FRCP 37(2) provides in pertinent part:

> (2). . .the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> > (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceedings or any party thereof, or rendering judgment by default against the disobedient party;. . .

FRCP 37(2)(C).

The court's imposition of the sanction of dismissal pursuant to FRCP 37(b)(2)(C) is reviewed for abuse of discretion. See Gordon v. State of Idaho, 778 F.2d 1397 (9th Cir. 1985). Such a sanction is only appropriate if noncompliance with its discovery order results "from the

3

Case 1:03-cv-00042 Document 73-2 Filed 04/28/2005 Page 3 of 10

willfulness, bad faith, or fault of the noncomplying party." Id. at 1399.

In determining whether the circumstances warrant dismissal, the court must consider five factors:

"(1) the public's interest in expeditious resolution of litigation;

(2) the court's need to manage its docket;

(3) the risk of prejudice to the defendants;

(4) the public policy favoring disposition of cases on their merits; and

(5) the availability of less drastic sanctions."

In re The Exxon Valdez, 102 F.3d 429, 433 (9th Cir. 1996).

The Ninth Circuit has upheld such a dismissal before based on blatant disregard of a court's orders. In Fair Housing of Marin v. Jack Combs, 285 F.3d 899 (9th Cir. 2002), the district court found that Combs "flouted even his basic discovery obligations, often violating court orders," and as a result, the court struck the defendant Comb's answer and entered default judgment in favor of the plaintiff. Id. at 905. In affirming the lower court's decision, the Ninth Circuit held that "Combs continued to violate court orders despite multiple warnings. . ." Id. at 906.

**B. Legal Standard: Default Judgment**

Rule 55 of the Federal Rules of Civil Procedure governs the entry of default judgment. Rule 55 provides

that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). Default judgment may then be entered by the clerk pursuant to Rule 55(b)(1) or by the Court pursuant to Rule 55(b)(2). Under Rule 55(b)(2), the decision to grant or deny a default judgment rests within the sound discretion of the trial court. Alan Neuman Prod., Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988); Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).

In determining whether default judgment is appropriate, the Court may consider (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

In analyzing these factors, the Court may base its judgment entirely upon the affidavits submitted by the parties. Davis v. Fendler, 650 F.2d 1154, 1161 (9th Cir. 1981). If the Court determines that the Defendant is in default, the factual allegations of the complaint, other

5

than those relating to damages, are taken as true. Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987).

Guam does not have a local rule that governs entry of default judgments. However, pursuant to FRCP 55(b)(2), an application for default judgment must still include an affidavit that states:

> (a) When and against what party the entry of default was entered; and (b) The identification of the pleading to which default was entered; and (c) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative; and (d) that written notice has been served at least three days prior, on the defaulting party, if required.

(FRCP 55(b)(2)).

## C. Analysis

Here, the Court finds that there are sufficient facts and evidence to grant Plaintiff's motion to dismiss the claim, pursuant to Rule 37 of the Federal Rules of Civil Procedure. However, the Court finds that Plaintiff's motion to enter default judgment is procedurally deficient and must be denied.

With regards to the motion to dismiss under FRCP 37, the Court finds that there are two reasons to grant this

motion. First, Claimant Huynh is in violation of Guam Local Rule 17.1(e). Huynh's attorney, Mr. Labahn, who is licensed to practice in Oregon, was appearing *pro hac vice* through Guam attorney Frederick Kerley. On January 20, 2005, Mr. Kerley withdrew as attorney of record. Since Mr. Kerely's withdrawal, Huynh has failed to designate another member of the Guam bar as local counsel.[1]

Second, Claimant Huynh has not complied with the Court's orders. On March 14, 2005, the Court ordered Huynh to reply to the Government's first set of interrogatories by March 21, 2005. Claimant Huynh never complied with this Order. As the Government points out, this is the second court order which Huynh has disobeyed.

The Government contends that it was ready to try this case on October 4, 2004, but agreed to continue trial if Claimant would provide the answers to the Government's July 21, 2004 interrogatories. In its September 20, 2004 Order continuing the trial, the Court specifically ordered claimant to answer the interrogatories within two weeks of the date of the Order (i.e. by October 4, 2004). The Court also reset the trial to November 10, 2004, with a final pretrial conference set for October 20, 2004. Claimant Huynh did not comply with that Order and never responded to

---

[1] The Government argues and believes that Huynh's failure to designate local counsel is consistent with her intention to abandon prosecution of her claim.

the interrogatories. On October 19, 2004, the AUSA, Karen Johnson, wrote Huynh's attorney Mr. Labahn a letter reminding him of the final pretrial conference and stating that if she did not receive answers to the interrogatories by October 20, 2004 the Government would move for dismissal of Huynh's claim.

Subsequent to this correspondence, Rivermark Community Credit Union filed a motion to intervene, which the Court permitted and the Court ordered the parties file an amended discovery plan and scheduling order. The Court also set a scheduling conference for February 15, 2005. On January 20, 2005, Huynh's local counsel Frederick Kerley withdrew as counsel. In the AUSA, Karen Johnson's declaration, she states that she has not had any contact with Mr. Labahn, Huynh's off-island counsel, since September 14, 2004.

On February 10, 2005, the Government filed a motion to compel responses to its interrogatories. On March 15, 2005, the Court granted this motion and ordered Claimant Huyhn to respond to the interrogatories by March 21, 2005. To date, Claimant Huynh has not responded.[2] This is the second order of the Court, which Huyhn has disregarded.

Claimant Huynh's disregard of the Court's Orders

---

[2] The Government believes that Mr. Labahn may no longer be practicing law, as its fax number appears to be non-functional. In any event, at a minimum, the Government contends that Mr. Labahn is not practicing law with respect to this case, since the AUSA has not had any contact with Mr. Labahn since September 14, 2004.

8

warrants a FRCP Rule 37 dismissal. However, because default has not yet been entered and the Government has not complied with FRCP 55 for entry of default judgment, Plaintiff's motion for such is procedurally improper. The Government did not provide an affidavit in this case identifying when and against what party the entry of default was entered, identification of the pleading to which default was entered, whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative, and that written notice has been served at least three days prior, on the defaulting party, if required. See FRCP 55(b)(2). Accordingly, the Court cannot enter default judgment. The Court can, however, have the Clerk's Office enter default against Claimant Huynh.

## IV. CONCLUSION

Here, the Court finds that the Government is prejudiced by Claimant's failure to respond to discovery or to any matters related to this case. Further, the 2002 Lexus is depreciating in value every day. Since Claimant Huynh has failed to comply with two of the Court's orders, violated Guam Local Rule 17.1, and by all appearances abandoned prosecution of her claim the Court **GRANTS** Plaintiff's motion for dismissal of the claim. However, because FRCP 55 has not been complied with procedurally, the Court cannot at

9

this time enter default judgment. The Court, therefore, **DENIES** Plaintiff's motion for entry of default judgment, but instructs the Clerk's Office to enter default against Claimant Huynh, so that the Government may later make a motion for default judgment.

**IT IS SO ORDERED.**

_____
RONALD S.W. LEW
United States District Judge

DATED: April 28, 2005

Notice is hereby given that this document was entered on the docket on ~~APR 2 8 2005~~ APR 2 9 2005 No separate notice of entry on the docket will be issued by this Court.
Mary L. M. Moran
Clerk, District Court of Guam
By: _____ APR 2 9 2005
Deputy Clerk   Date